WILLIAM LEONARD *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.

Suffolk.    January 10, 1898. — February 25, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Due Care — Negligence — Trespasser.*

At the trial of an action for personal injuries occasioned to the plaintiff while
stealing a ride between two cars of one of the defendant's freight trains, he tes-
tified that he was discovered by a brakeman and told to get off, but kept his
position; that as the train was entering a station, it being the duty of another
brakeman to uncouple the cars and divide the train at the point where the
plaintiff was standing, the brakeman came down the ladder at the end of one of
the cars for that purpose, and in a rough way told the plaintiff to get off; that the
plaintiff moved his position and held to the ladder at the end of one of the cars,
having one foot on a rod and one on some part of the other car; that there was
a ladder of iron rods at the end of each car, one on the right hand and the other
on the left hand side of the train; that the brakeman said, "Let go of that car,"
and turned round and stepped towards the other side of the train and uncoupled
the cars; and that the plaintiff did not see what he did, and when the cars sep-
arated the plaintiff fell down and was injured. From one part of his testimony
it would seem that the words, "Let go of that car," were spoken just after the
brakeman uncoupled the cars, and from another part that they were spoken just
before. The plaintiff knew that there was a ladder there of sufficient size and
strength to hold him, and that there was nothing to prevent his holding on to it
with both hands. *Held,* that there was no evidence of negligence on the part
of the defendant, nor of due care on the part of the plaintiff.

TORT, for personal injuries occasioned to the plaintiff while
stealing a ride between two cars of one of the defendant's freight
trains. Trial in the Superior Court, before *Hopkins,* J., who
directed the jury to return a verdict for the defendant; and the
plaintiff alleged exceptions, the nature of which appears in the
opinion.

· *J. R. Murphy,* for the plaintiff.

*Samuel Hoar,* for the defendant.

KNOWLTON, J.    The plaintiff was stealing a ride between
two cars of one of the defendant's freight trains. He was dis-
covered by a brakeman and told to get off, but he kept his posi-
tion. As the train was entering the station at Westborough it
became the duty of another brakeman to uncouple the cars and
divide the train at the point where the plaintiff was standing,

and he came down the ladder at the end of one of the cars for that purpose, and in a rough way told the plaintiff to get off. The plaintiff moved his position and held to the ladder at the end of one of the cars, having one foot on a rod, and one on some part of the other car. There was a ladder of iron rods at the end of each car, one on the right hand and the other on the left hand side of the train. The brakeman said, "Let go of that car," and turned around and stepped towards the other side of the train and uncoupled the cars. The plaintiff did not see what he did, and when the cars separated he fell down and was injured. This is the account given by the plaintiff. From one part of his testimony it would seem that the words, "Let go of that car," were spoken just after the brakeman uncoupled the cars, and from another part that they were spoken just before. The plaintiff knew that there was a ladder there of sufficient size and strength to hold him, and that there was nothing to prevent his holding on to it with both hands.

The only duty which the defendant owed the plaintiff as a trespasser upon its train was to refrain from injuring him wilfully, or wantonly, or recklessly. *Metcalfe* v. *Cunard Steamship Co.* 147 Mass. 66. *Heinlein* v. *Boston & Providence Railroad*, 147 Mass. 136. *Reardon* v. *Thompson*, 149 Mass. 267. *Redigan* v. *Boston & Maine Railroad*, 155 Mass. 44. *Plummer* v. *Dill*, 156 Mass. 426. It was not called upon to change the usual course of its business or the method of managing its trains to save the plaintiff from danger which he could easily escape. It had a right to suppose that every trespasser upon its trains would be alert for his own preservation in the midst of perils to which he exposed himself without hope of special protection by others. It might assume that persons seeking by stealth to get carried on freight trains without pay were familiar with the usual mode of running such trains, and would not expect to have special provision made for their safety. We see no evidence of negligence on the part of the defendant or its servants in regard to any duty which it owed the plaintiff. There is no evidence that the brakeman wilfully or wantonly attempted to · injure the plaintiff. He was in the performance of his duty, and he justly would have been blamed by his employer if he had failed to uncouple the cars because of the presence of the plaintiff.

The plaintiff's counsel, at the trial, expressly disclaimed any contention that the brakeman's purpose in uncoupling the cars was to do the plaintiff an injury, but, in reply to a question by the judge, asserted that the uncoupling was in the performance of his duty at the time, with a purpose to obey the rules and regulations of the railroad. He contended, however, that it was done in a wanton and reckless disregard of the plaintiff's rights. We see no evidence of this. The brakeman was intent upon the performance of his duty to uncouple the cars at the proper place, so that they would be switched as intended. He had a right to suppose that the plaintiff would either get off the train as he was told to, or hold on safely to the ladder. His act in uncoupling the cars was in the presence of the plaintiff, where the plaintiff would have seen it if he had given attention to what was going on around him. The brakeman might well believe that he would see it and govern himself accordingly. The most that can be said by the plaintiff against the brakeman's conduct is that he failed to give him such a courteous warning of his danger as would have been expected if he had been a passenger for whose safety the defendant was responsible. Assuming that a trespasser might be in such a position upon a railroad that it would be a wanton and reckless act not to interrupt the regular and lawful running of a train to save him from injury, we are of opinion that the plaintiff introduced no evidence of such a condition in the present case.

We are also of opinion that the plaintiff has failed to introduce any evidence that he was in the exercise of due care at the time of the accident. If he chose to ride in such a way, due care required the greatest attention to everything about him to save himself from the dangers of his position. It was a wrongful and negligent act to attempt to ride between the cars without leave. His evidence shows that his conduct and negligence contributed to the accident, and were not merely a condition attending it. For reasons which are fully set forth in *Planz* v. *Boston & Albany Railroad*, 157 Mass. 377, we are of opinion that, even if there were evidence of negligence on the part of the brakeman, the plaintiff would fail for want of evidence on this part of his case.

*Exceptions overruled.*