ROYAL C. MUGFORD *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   November 17, 18, 1898. — March 2, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Railroad — Trespasser — Action.*

A boy eleven and a half years old was "stealing a ride" on a freight car of a railroad train, which was moving slowly from a station. He was on one side of the car, with his feet on the truss-bar, and one or both hands on the handle of the door. A brakeman on top of the car saw him, came toward him, raised his hand, and said, "Get off." The boy looked to see where he was jumping, and then jumped off, landing on a pile of cinders as he seems to have intended to, and slipped under the car, which cut off his legs. *Held*, that he could not maintain an action against the railroad corporation for his injury; and that the absence of a fence to the railroad made no difference as to the defendant's liability.

TORT, for personal injuries.   Trial in the Superior Court, before *Fessenden*, J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*W. Schofield & R. G. McClung*, for the plaintiff.

*W. I. Badger*, for the defendant.

HOLMES, J.   The plaintiff, a boy eleven and a half years old, was "stealing a ride" upon a freight car of the defendant. He was on one side of the car, with his feet on the truss-bar and one or both hands on the handle of the door. The train was moving slowly from a station in East Boston, and starting for Revere. A brakeman on top of the car saw the boy, came toward him, raised his hand, and said, "Get off." The boy looked to see where he was jumping and then jumped off, landed on a pile of cinders as he seems to have intended to, and slipped under the car, which cut off both his legs. This is the injury for which he sues. The court below directed a verdict for the defendant, and the case is here on exceptions.

If we assume, without deciding, that the brakeman was acting within the scope of his authority, nevertheless we are of opinion that the ruling was right. This is not the case of a person being driven by threats of personal violence to jump off a car

going at such a high rate of speed as to make it unreasonably dangerous immediately to insist upon the right to have the trespass ended.   See *Lovett* v. *Salem & South Danvers Railroad,* 9 Allen, 557, 561; *Kansas City, Fort Scott, & Gulf Railroad* v. *Kelly,* 36 Kans. 655.   There is no doubt that the car was moving slowly.   The highest rate at which its speed was set by any witness was eight miles an hour.   Others said four or six.   The speed naturally would increase as the train went on.   The command given by the brakeman was no other than the command of the law, and a command to do what the plaintiff by his own testimony intended to do a little later, when at least it would have been no safer, so far as the speed of the train was concerned.   It frightened the plaintiff to the point of obedience, but not to the point of automatic action or loss of judgment and self-control, as seems to have been the case in *Ansteth* v. *Buffalo Railway,* 145 N. Y. 210.

The ground of liability on which the plaintiff seems most to rely is the particular place at which he got off.   But, as we have said, the command did not cause the plaintiff to drop in a blind collapse.   As it left the plaintiff in command of his reason, it left him free to obey in any reasonable way.   Obedience was not a matter of seconds, and the cinders covered only a very short distance.   The case in some respects is not so strong as *Planz* v. *Boston & Albany Railroad,* 157 Mass. 377.   See also *Leonard* v. *Boston & Albany Railroad,* 170 Mass. 318.   The absence of a fence to the railroad makes no difference as to the defendant's liability.   The plaintiff's trespass was deliberate and intentional, and he cannot ask us to say that if a fence had been there it might have changed his purpose, and therefore that the absence of the fence is the cause of his misfortune. We see no sufficient evidence of breach of duty on the part of the defendant, or of due care on the part of the plaintiff.

*Exceptions overruled.*