EPHRAIM ALBERT *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.     January 28, 1904. — February 26, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence,* Liability to trespasser.  *Street Railway.*

In an action against a street railway company by a newsboy twelve years of age
when injured, for personal injuries, it is no evidence of a wanton and reckless
act on the part of a conductor of the defendant, that, while standing on the
rear platform of an open electric car of which he was in charge, he made a
motion and ordered the plaintiff, who in violation of a rule of the company had
jumped upon the running board while the car was in motion, " to get out of here "
or " get off ", whereupon the plaintiff fell off or jumped off and was injured.

TORT, against a street railway company for personal injuries,
by a newsboy twelve years of age when injured, from falling or
being thrown from an open electric car of the defendant by
reason of the alleged negligence of the defendant's agents or
servants. Writ dated September 9, 1898.

In the Superior Court the case was tried before *Richardson,* J.,

who ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*E. R. Anderson,* (*R. Levi* with him,) for the plaintiff.

*P. H. Cooney,* for the defendant.

KNOWLTON, C. J.   The plaintiff, a newsboy twelve years of age, jumped upon the running board of an ordinary open street car as it was passing through Congress Street near State Street in Boston, for the purpose of selling his papers.   He testified that he was in the habit of jumping on and off such cars when they were in motion.   The testimony showed that the car was going at about its usual rate of speed, which we suppose was not great in that busy part of the city.   There was no evidence that the speed was increased or diminished after he attempted to get on until after the accident.   As he was changing hands and trying to get out a paper to deliver to a man who sat near the middle of the car, he fell off, or intentionally jumped off and was injured.   There was testimony that the conductor, who was standing on the rear platform, made a motion and said something which the plaintiff did not understand, but thought was, " Get out of here," or " Get off," and that the plaintiff, being frightened, jumped off.   He was on the running board but a very short time.   To use his expression, " It all happened in a jiffy."

The plaintiff was a trespasser.   His only right on the defendant's cars to sell newspapers at any time was under a contract between the defendant and his employer, in which it was stipulated that " newsboys shall enter and leave the cars by the rear platform and while· said cars are not in motion and not otherwise."   To him as a trespasser the defendant owed no duty except to refrain from wilfully or recklessly and wantonly exposing him to injury.   *Metcalfe* v. *Cunard Steamship Co.* 147 Mass. 66.   *Heinlein* v. *Boston & Providence Railroad,* 147 Mass. 136.   *Reardon* v. *Thompson,* 149 Mass. 267.   In speaking to the plaintiff the conductor was only trying to enforce the rule which the plaintiff was violating.   He was not near the plaintiff, who was in the middle of the car.   He had no reason to expect that his command would cause the plaintiff serious injury.   There was no evidence that he acted wantonly or recklessly in telling the plaintiff to get off.   The case is fully cov-

ered by *Mugford* v. *Boston & Maine Railroad*, 173 Mass. 10, and by *Bjornquist* v. *Boston & Albany Railroad*, *ante*, 130. See also *Leonard* v. *Boston & Albany Railroad*, 170 Mass. 318 ; *Planz* v. *Boston & Albany Railroad*, 157 Mass. 377.

*Exceptions overruled.*