SAMUEL MASSELL *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 8, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence.    Street Railway.    Evidence.*

A newsboy who jumps on a street car when called by a passenger, having no per-
mission from the railway company to sell papers on the car, is a trespasser, and
the company owes him no duty except to refrain from wilfully, wantonly or
recklessly exposing him to danger.

In an action by a newsboy, between twelve and thirteen years of age when injured,
against a street railway company for personal injuries, it appeared that the
plaintiff had been in this country a year, engaged most of the time in selling
papers, that he was familiar with the neighborhood where the accident occurred,
that he had a license from the city which permitted him to sell newspapers upon
the sidewalks and streets but not on the cars of the defendant without its per-
mission and that he did not have such permission, that a passenger in a closed
car of the defendant with an open platform in front motioned to him to come,
that he ran and got upon the right front step of the car, holding on to the up-
right rods on each side of the step, with his papers under one arm, that the
motorman stepped toward him in a threatening attitude, and made motions
to strike him with his arm and to kick him with his foot, saying " to hell out of
here," that the plaintiff was frightened and fell to the ground partly under the
car, and his right foot was caught under the front wheel and crushed, that the
car at the time was going at the rate of about two miles an hour and went only
about five feet after the plaintiff fell before it stopped with the wheel over his
foot. *Held,* that a verdict rightly was ordered for the defendant; that, although
the language of the motorman was rough and his gestures were threatening,
there was nothing in them to intimidate an ordinary newsboy, and that there
was no evidence of such wilful, wanton or reckless action on the part of the
motorman as would make the defendant liable to a trespasser.

In an action by a newsboy against a street railway company for personal injuries
incurred when the plaintiff had jumped on a car of the defendant contrary to a
rule of the railway company, the plaintiff cannot be allowed to testify that he
frequently had got upon cars of the defendant and sold newspapers without any
objection from the conductors and motormen and without being put off, such
evidence being immaterial and irrelevant unless it also is shown that the defend-
ant or its officers knew the fact and acquiesced in the violation of the rule.

TORT for personal injuries.    Writ dated November 15, 1902.

The declaration alleged that on April 2, 1902, the plaintiff,
a newsboy between twelve and thirteen years of age, licensed
by the city of Boston, by the invitation of the defendant and by
its direction boarded one of the cars owned by the defendant

for the purpose of selling newspapers, and that the plaintiff was safely on the car, but that the defendant by its servants and agents carelessly, negligently and wilfully frightened and put the plaintiff in fear by ordering him to jump off the car and by shouting at him in forcible language, so that he became terrified, lost his footing and was thrown with violence from the step of the car to the ground and under the wheels of the car.

At the trial in the Superior Court before *Wait,* J. there was evidence for the plaintiff that on April 2, 1902, at about half past ten o'clock in the evening the plaintiff was standing on the sidewalk in Bowdoin Square near the Revere House selling his papers; that he was familiar with the neighborhood, and had been in this country a year, engaged most of the time in selling papers; that the streets were lighted as usual upon this night; that a man standing on the front platform of a car coming up Cambridge Street, about two car lengths away, whistled and motioned to him to come; that he ran to the car, which was an ordinary closed box car of the defendant with an open platform in front, and got upon the right front step holding on to the upright rods on each side of the step and having his papers under his arm; that while he stood there the motorman stepped toward the plaintiff in a threatening attitude while the car was still in motion, both striking at him with his arm and kicking at him with his foot, at the same time saying " to hell out of here "; that the plaintiff was frightened and fell upon the ground partly under the car, and his right foot was caught under the right front wheel of the forward truck and so badly crushed that a short time thereafter it had to be amputated; that at the time the plaintiff got on the car it was within five feet of the dead stop at Bowdoin Square; that at the time the plaintiff fell the car was going about two miles an hour, and that it went only about five feet from the time the plaintiff fell until it stopped with the wheel over his foot; that the plaintiff had a license from the city of Boston to sell newspapers upon the sidewalks and streets, but which provided that the plaintiff should not sell upon the cars of the defendant without its permission, and the plaintiff did not have any express permission; that a rule of the company forbids the motorman and conductor to allow any newsboy, except those employed by the Hotel and

Railroad News Company and having a badge of that company upon his arm, to sell newspapers upon the car; and that the plaintiff was not employed by that company.

The plaintiff offered to testify that he frequently had got upon the cars of the defendant before the accident and sold newspapers without any objection from the conductors and motormen and without being put off. To this the defendant objected and the judge ruled that it was immaterial and irrelevant and excluded it.

The foregoing, although in part contradicted by witnesses for the defendant, was all of the material evidence. The judge ruled that the plaintiff could not maintain his action, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*O. Storer,* for the plaintiff.

*R. A. Stewart,* for the defendant.

LATHROP, J. 1. The plaintiff in this case was a trespasser upon a car of the defendant; and the defendant owed him no duty except to refrain from wilfully, wantonly or recklessly exposing him to danger. *Banks* v. *Highland Street Railway,* 136 Mass. 485. *Planz* v. *Boston & Albany Railroad,* 157 Mass. 377, 382. *Leonard* v. *Boston & Albany Railroad,* 170 Mass. 318, 320. *Mugford* v. *Boston & Maine Railroad,* 173 Mass. 10. *Bjornquist* v. *Boston & Albany Railroad,* 185 Mass. 130. *Albert* v. *Boston Elevated Railway,* 185 Mass. 210.

While the language used by the motorman was rough and the gestures threatening, it is obvious that the plaintiff had no reasonable ground to believe that the motorman intended to assault him. The car was going at a low rate of speed and came to a dead stop within five feet of the place where the plaintiff attempted to get off. The plaintiff had been a newsboy for a year and was familiar with the streets of Boston. There was nothing in the motorman's words or in his gestures to intimidate an ordinary newsboy. The case is fully covered by the authorities above cited.

2. The evidence offered was rightly excluded, as immaterial and irrelevant. The defendant could not be bound by evidence that other conductors and motormen had allowed the plaintiff to get upon their cars, in the absence of evidence that the defend-

ant or its officers knew the fact and acquiesced in the violation of the rules. *Thompson* v. *Boston & Maine Railroad,* 153 Mass. 391. *Sweetland* v. *Lynn & Boston Railroad,* 177 Mass. 574. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93. *Brady* v. *New York, New Haven, & Hartford Railroad,* 184 Mass. 225.

*Exceptions overruled.*