IGNOS ANTERNOITZ, JR., *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

IGNOS ANTERNOITZ, SR., *vs.* SAME.

Suffolk.   November 23, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence.   Railroad.   Practice, Civil,* Exceptions.

If a boy eight years and five months old, with two other boys, is playing on the top of a freight car which forms part of a train, and is seen there by a brakeman who walks by on the top of the car, and if four or five minutes later this brakeman or another, while standing near the car on the top of which the boys are sitting, gives the signal to start the train without paying any attention to the boys, and, as the train begins to jerk more and more in starting, the first mentioned boy loses his balance and falls between the cars and is injured, in an action against the railroad company for his injuries these facts are not evidence of wanton conduct on the part of the servants of the company and give the boy as a trespasser no right to go to the jury.

The exclusion of a question gives no ground for exception if undisputed evidence subsequently admitted shows fully the fact which the testimony called for by the question was offered to prove.

TWO ACTIONS OF TORT, the first by a boy, a little less than eight years and five months of age when injured, for personal injuries incurred on May 29, 1902, alleged to have been caused by the wanton and reckless conduct of the defendant toward the plaintiff while he was upon certain of its cars in a freight yard of the defendant near the Gold Street bridge in that part of Boston called South Boston, when the defendant knew or ought

to have known that he was there, and the second by the father of the plaintiff in the first case for the loss of his services by reason of his injuries.  Writs dated September 15, 1902.

In the Superior Court *White,* J. ordered verdicts for the defendant; and the plaintiffs alleged exceptions.

*E. M. Brooks,* for the plaintiffs.

*J. L. Hall,* for the defendant, was not called upon.

LORING, J.  A double track of the defendant runs from the main line near Swett Street in a cut under Fifth Street, Gold Street, and Fourth Street bridges in South Boston.  On May 29, 1902, a freight train of box cars was on its way from Swett Street to the freight terminal over these tracks.  The engine had passed under Fifth Street bridge, and was stopped by a signal on Fourth Street bridge.  There are stone retaining walls on each side of the cut at this point.  After the train stopped, the plaintiff in the first case, (who will be spoken of hereafter as the plaintiff,) and two other boys, stepped from the top of the retaining wall on to the top of one of the box cars, a distance of fifteen to eighteen inches.  Apparently the car in question was the third back from the engine.  The boys sat down on the top of the car, and stepped off on to the wall and back once or twice.  After some twelve minutes the train started; the boys thereupon got up, and in place of stepping directly off the side of the car on to the wall, went to the rear of the car apparently to get a longer ride.  One boy had stepped on to the fourth car when the plaintiff, who was standing "right on the very edge," to use his own words, just as the train "began to jerk more and more as a train will when it starts," lost his balance, fell between the two cars and suffered the injuries here complained of.

This plaintiff was a boy eight years and five months old at the time.  He was playing with his companions on the car, and it is admitted that he was a trespasser.  He had often played on and about the cars before, and he knew that he was not wanted there.  It also appeared that he was entirely familiar with the signals at Fourth Street bridge for stopping trains and allowing them to go on.

The only duty owed to this plaintiff was (1) not wilfully to injure him, and (2) not to act with a wanton disregard for his

safety. No contention has been made that the defendant committed a wilful injury.

What the plaintiffs rely on in making out a case of wantonness on the defendant's part is testimony that some four or five minutes before the train started a brakeman walked on the top of the car in question past the boys as they sat on the top of it, and disappeared in the direction of Fifth Street bridge, and the further fact that this or another brakeman gave the signal to start the train while standing near the car on which they were sitting at the time, from which the jury were warranted in finding that he knew the boys were on the car.

The plaintiffs have asked us to hold that to start the train in the usual way under these circumstances without first removing the trespassers or taking measures for their safety was an act of wanton disregard for their safety. We cannot assent to this view of the defendant's action. On the contrary the case is not so strong for the plaintiff as *Bjornquist* v. *Boston & Albany Railroad*, 185 Mass. 130; *Albert* v. *Boston Elevated Railway*, 185 Mass. 210; *Mugford* v. *Boston & Maine Railroad*, 173 Mass. 10; all of which were cases of infants.

At the beginning of the trial, while the infant plaintiff was on the stand, he was asked this question: "Before this day when you were hurt, what had you seen with regard to other children on the train?" This was objected to by the defendant and excluded on the plaintiff's stating that it was "offered as showing knowledge on the part of the defendant." The evidence subsequently admitted showed fully the defendant's knowledge of what the plaintiff and his companions were doing on the day in question, and its knowledge that he and other children were in the habit of playing on the top of freight cars as the plaintiff and his companions were doing on the day in question. If the testimony was competent the plaintiff was not injured by its exclusion.

*Exceptions overruled.*