PATRICK J. GALLAGHER *vs.* JEREMIAH P. O'RIORDEN.

SAME *vs.* SAME.

Suffolk.    January 12, 1911. — March 3, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Wanton or reckless misconduct.

Evidence that the driver of a caravan drawn by two horses ordered a boy five years of age, who was upon the caravan without his permission, to leave it, that he stopped the caravan for the boy to do so and that, with the reins in his hands, he stood looking at the boy, and not at the horses, as the boy was getting over one of the rear wheels, when the horses started and the boy was run over, has no tendency to show that the injury to the boy was caused by reckless or wanton misconduct on the part of the driver, and therefore will not support an action by the boy against the driver's employer to recover for the injuries thus received.

BRALEY, J.    The first action is to recover for personal injuries suffered by the plaintiff, an infant five years of age, who while alighting was thrown from a " caravan team " in charge of the defendant's servant, and the second action is brought by the father to recover for loss of his son's services.    In each case the amended declaration alleged wanton, reckless and gross negligence on the part of the driver, and, a verdict having been ordered for the defendants at the close of the plaintiffs' evidence, the cases are before us on a report,* with a stipulation, that if the ruling was right judgment for the defendants is to be entered on the verdicts, but if wrong, each plaintiff is to have judgment for a stipulated amount.    No question of the weight of the evidence is presented, and if there was any testimony to sustain the allegations, the plaintiffs must prevail.

To begin with, it is conceded that the boy was a trespasser, and the driver, having discovered his presence, stopped the team and ordered him with other boys who were " standing on the team " to get off.    The jury could have found that, having given this order, he could not act so recklessly or wantonly as to endanger the plaintiff's safety while it was being obeyed.    But

* By *Dana,* J., before whom the cases were tried.

under the most liberal interpretation, the evidence * wholly fails to show that while the plaintiff was alighting the sudden starting of the team which caused his fall and injury was attributable to any intentional purpose of the driver to proceed regardless of the plaintiff's position or of the likelihood that he might be shaken off and fall under the wheel. If the plaintiff had been on the caravan at the driver's express invitation or was riding with his consent, a different question would be presented. Knowledge however that the plaintiff was there, that he had been ordered to depart, while the team which had been stopped again went on without the driver having first ascertained if the plaintiff had alighted, are as matter of law under our decisions insufficient to show such wilful misconduct as to support the action. *Bjornquist* v. *Boston & Albany Railroad*, 185 Mass. 130. *Anternoitz* v. *New York, New Haven, & Hartford Railroad*, 193 Mass. 542. *West* v. *Poor*, 196 Mass. 183. *Barry* v. *Stevens*, 206 Mass. 78. *Black* v. *Boston Elevated Railway*, 206 Mass. 80. *Menut* v. *Boston & Maine Railroad*, 207 Mass. 12, 19.

The entry in each case therefore must be judgment for the defendant.

*So ordered.*

*D. H. Coakley, R. H. Sherman & W. Flaherty,* for the plaintiffs, submitted a brief.

*W. H. Hitchcock, (C. M. Pratt* with him,) for the defendant.

---

* There was evidence tending to show that the minor plaintiff was on one of the rear wheels of the caravan in the act of alighting and that the driver, holding the reins in his hands, was looking at the boy and not at the horses, when the caravan started and ran over the boy.