THOMAS SHELLY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   January 16, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Street Railway.   Negligence,* Liability to trespasser.

A street railway corporation owes to a boy ten years and five months old, who is stealing a ride on the rear end of one of its cars, only the duty to refrain from wilfully or wantonly and recklessly exposing him to danger, and it is not evidence of the violation of such duty that the conductor in a gruff voice told the boy to get off the car and shook his fist close to the boy's face, and that the boy was frightened by the conductor's tone of voice and tried to get off but could not and lost his balance and fell.

TORT by a boy, ten years and five months old when injured, for personal injuries sustained from having fallen off or jumped off a moving car of the defendant on which the plaintiff was stealing a ride.   Writ dated July 10, 1909.

In the Superior Court the case was tried before *Dana,* J.   The plaintiff testified that the car was a semi-convertible one, that he approached it while it was standing still and stepped on the fender at the rear, hiding himself from the conductor, that he was standing on a connecting bar a little higher than the fender and was clinging to the window sill.   The plaintiff further testified that after the car had gone five or six car lengths the conductor looked around and as he did so shook his fist.   "He was gruff and coarse, and he told me to get off, and he held his hand closed." "He turned around, and with closed fist, he made me — he told me to get off."   "By his tone he frightened me, and I could not get off."   "When he said 'get off' he shook his fist, and leaned over the window, his fist came right close to my face."   " I tried to get off, but couldn't — by his tone he frightened me, and I could not get off."   The plaintiff testified that he lost his balance and did not know what happened then.

. The judge ordered a verdict for the defendant, and at the request of the parties reported the case for determination by this court. If his ruling was right, judgment was to be entered for the defendant upon the verdict; if wrong, judgment was to be entered for plaintiff in the sum of $300.

*J. J. O'Connor,* for the plaintiff.

*H. S. MacPherson,* for the defendant.

HAMMOND, J.    The plaintiff was a wilful trespasser; and to him "the defendant owed no duty, except to refrain from wilfully or wantonly and recklessly exposing him to danger." Knowlton, C. J., in *Bjornquist* v. *Boston & Albany Railroad,* 185 Mass. 130, 132. It is unnecessary to recite the evidence in detail. It is contradictory in many respects, but even if it be taken in the light most favorable for the plaintiff it falls far short of showing that the defendant failed to perform the limited duty it owed to the plaintiff. The case must stand in the class with *Bjornquist* v. *Boston & Albany Railroad, ubi supra; Albert* v. *Boston Elevated Railway,* 185 Mass. 210; *Massell* v. *Boston Elevated Railway,* 191 Mass. 491; *Anternoitz* v. *New York, New Haven, & Hartford Railroad,* 193 Mass. 542; *Lebov* v. *Consolidated Railway,* 203 Mass. 380, and similar cases.

*Judgment on the verdict.*