TONY PODESPIK *vs.* WORCESTER CONSOLIDATED STREET
RAILWAY COMPANY.

Worcester.    September 29, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Street Railway,* Expulsion of passenger for non-payment of fare. *Passenger.*
*Carrier,* Of passengers. *Trespass.*

One who, after boarding a street railway car, refuses to pay his fare, is a trespasser and has none of the rights of a passenger.

It is the duty of the conductor of a street railway car to expel from the car one who is visibly intoxicated.

Where the conductor of a street railway car, at a point on a highway close to a regular stopping place of the car, ejects from the car without unnecessary force a person who boarded it in a visibly intoxicated condition and who refused to pay his fare, the street railway company is not liable although the expulsion occurs on a night of extreme cold and causes personal injuries to the person expelled, such act of the conductor showing no gross, wanton or reckless disregard of the person's rights.

TORT, with a declaration, as amended, in three counts, the first count alleging that the plaintiff, while a passenger on a street car of the defendant, was unlawfully ejected in a dangerous place and at a late hour of the night and consequently suffered from exposure; the second count alleging merely an unlawful ejection, and the third an assault and ejection. Writ dated March 2, 1912.

In the Superior Court the case was tried before *Jenney, J.* There was evidence that the plaintiff, while in a visibly intoxicated condition, boarded a car of the defendant at Blackstone between ten and eleven o'clock at night, after having been to Blackstone to drink intoxicating liquor and to purchase a quantity of it to take home with him; that when the conductor asked him for his fare, he could not find any money; that the conductor then ejected him from the car near the line between Blackstone

and Uxbridge; and that the night was very cold, the thermometer registering twenty-four degrees below zero Fahrenheit. There was no evidence that the conductor used unnecessary force with the plaintiff.

᾿ Other material facts are stated in the opinion.

At the close of the evidence the defendant asked that a verdict in its favor be ordered. The request was refused. The jury found for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

*A. E. Seagrave & F. W. Morrison,* for the plaintiff.

SHELDON, J. In the opinion of a majority of the court, the circumstances here presented differ so materially from those which were disclosed in *Black* v. *New York, New Haven, & Hartford Railroad,* 193 Mass. 448, and *Hudson* v. *Lynn & Boston Railroad,* 178 Mass. 64, that the rule declared in those cases does not help the plaintiff, and the verdict rendered in his favor cannot be upheld.

The plaintiff, after getting upon the defendant's car, refused to pay his fare. He had none of the rights of a passenger. He was a trespasser, and the conductor had the right to remove him from the car. That the plaintiff was also drunk in no way diminished this right; it created a duty to put him off for the sake of the other passengers. *Vinton* v. *Middlesex Railroad,* 11 Allen, 304, 306. The defendant cannot be held liable for the consequences of this removal, unless it was done with excessive force or in such a manner as to indicate a gross and wanton disregard of the plaintiff's rights and of the injurious consequences which reasonably might be expected to result to him. But it is not contended that any excessive force was used; and the action of the conductor could not have been found to show any gross, wanton or reckless disregard of the plaintiff's rights. He was left, so far as appears, upon a public highway, close to a regular stopping place of the cars. In most of the cases relied on by the plaintiff, in which a railroad company has been held liable for injuries coming to a plaintiff after he had been ejected from a car, it appeared that his ejection had been made elsewhere than at a regular stopping place, or (as in *Black* v. *New York, New Haven, & Hartford*

*Railroad,* 193 Mass. 448) that he had been left in a place of special and peculiar danger when he was manifestly incapacitated from looking out for himself. That was not the case here. See *Roseman* v. *Carolina Central Railway,* 19 L. R. A. 327, and the note thereto. *Murphy* v. *Boston & Maine Railroad, ante,* 178, decided since this case was argued. The plaintiff's expulsion was on a bitterly cold night; but his original exposure to the inclemency of the weather was a voluntary one, and the defendant did nothing to increase the discomforts or the perils of his position. It did not appear that, short of his ultimate destination, there was any place where his removal from the car would have involved less danger than where it was done. Under the circumstances in evidence there was no duty on the defendant to keep him in its car. It had a right to remove him because he did not pay his fare; it was under a duty to do so because he was drunk. It cannot be held liable for having exercised this right and complied with this duty.

The jury should have been instructed in accordance with the defendant's requests; that the plaintiff was not entitled to recover. Its exceptions must be sustained, and under the provisions of Sts. 1909, c. 236, and 1913, c. 716, judgment must be entered in its favor.

*So ordered.*