ADELAIDE GRENIER, administratrix, *vs.* MICHAEL O'GARA
& another.

Worcester.   September 28, 1914. — October 22, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Pleading, Civil,* Declaration.   *Assault.*

On an exception to the ordering of a verdict for the defendants in an action of
tort, where the declaration was not demurred to, a count in the declaration,
which contains an averment that the defendants "did assault and beat" the
plaintiff's intestate, may be held to contain a sufficient allegation of an assault,
although most of the allegations in the count relate to other matters which the
plaintiff relied upon as affording him a cause of action.

In an action by an administrator of the estate of a person addicted to the exces-
sive use of intoxicating liquors against the proprietors of a village liquor saloon
for an assault alleged to have been committed by the defendants upon the
plaintiff's intestate, if there is evidence that, while the intestate was virtually
in a stupor and incapable of looking out for himself, the defendants removed
him to a small room adjoining the saloon six feet by eight without heat and
without a window, and locked him in there, where he was left over night with
the thermometer at zero and in the morning was found dead with bruises and
abrasions on his head such as would be caused by a blow or fall, the plaintiff
is entitled to go to the jury.

TORT by the administratrix of the estate of John B. Grenier,
against the proprietors of a liquor saloon in the village of Mill-
ville in the town of Blackstone for personal injuries to the plain-
tiff's intestate resulting in his death alleged to have been caused
by the unlawful acts and negligence of the defendants.   Writ
dated April 20, 1912.

The plaintiff's declaration as amended contained five counts,
which are described briefly in the opinion.   The third count,
which is held by the court to contain a sufficient allegation of an
assault by the defendants on the plaintiff's intestate, was as
follows: "Count 3.   And the plaintiff says that on or about the
15th day of November, 1911, the defendants, who were retail
dealers in spirituous and intoxicating liquors in Blackstone in
said Commonwealth, well knowing that John B. Grenier, the
plaintiff's intestate, was incapable of consenting to the receiving
and drinking of liquors owing to his besotted and dazed condi-

tion, and well knowing that the said Grenier had an irresistible and uncontrollable appetite for liquor, so that he had become a habitual drunkard and wholly incapable of resisting his appetite for intoxicating drinks, and the defendants, well knowing that the continued use of liquors would cause mental and physical injury and death, did, nevertheless, furnish the said John B. Grenier, the plaintiff's intestate, with intoxicating liquor, and said defendants or their agents did assault and beat the said Grenier; and said defendants or their agents, well knowing the said Grenier's dazed, besotted, unconscious condition, did then permit and allow said Grenier to lie and remain upon the floor of their saloon in said Blackstone without care or attention, for a long time, to wit, from eight o'clock in the evening until seven o'clock in the morning, and the said Grenier remaining in said saloon suffering from cold and exposure and being unattended for several hours, through the negligence and wantonness of the said defendants, as aforesaid, to the damage of the plaintiff as she says in the sum of ten thousand dollars."

In the Superior Court the case was tried before *Sanderson,* J. At the close of the plaintiff's evidence, which is described in the opinion, the judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*F. W. Morrison & A. E. Seagrave,* for the plaintiff, submitted a brief.

No counsel appeared for the defendants.

DE COURCY, J. There was testimony tending to establish the following facts: John B. Grenier, the plaintiff's intestate, was addicted to the excessive use of intoxicating liquors. On November 14, 1911, he spent a large portion of the day in the liquor saloon of the defendants, and there drank several glasses of ale. At eleven o'clock, P. M., the hour for closing, he was under the influence of liquor and in a dull and "dopey" or stupid condition. The defendant O'Neill and another man carried or supported him into the entry, and urged him to go home or to the Keough Hotel; but he objected and wanted to remain in the saloon. Thereupon he was assisted into a room adjoining the saloon, and was allowed by the defendant O'Gara to remain there. This side room was about six by eight feet in size, without windows; and it contained a table, some chairs and beer cases. The door

between it and the saloon proper was fastened, so that Grenier could not get out, and the outer saloon door was locked. The night was stormy and cold, the thermometer being down to zero. In the morning Grenier was found on the floor, dead, and with bruises and abrasions on his head, such as would be caused by a blow or a fall.

The plaintiff's declaration originally contained two counts, but three others were added later. It is to be noted that none of them is based on a claim for imprisonment. Further, no reference to the civil damage statute, R. L. c. 100, § 58, is made in the declaration or in the plaintiff's brief, and presumably it was not relied on. See *Barrett* v. *Dolan*, 130 Mass. 366.

As to the first count, alleging that one "John Doe," while under the influence of liquor furnished by the defendants, assaulted Grenier, it is enough to say that there was no evidence in support of it. It is equally clear that a verdict for the plaintiff on the fifth count would not be warranted. This is based on the death statute, R. L. c. 171, § 2; and there was no evidence that Grenier was in the exercise of due care within the meaning of that statute. See *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510.

As a general verdict for the defendants was ordered, however, it must be set aside if the plaintiff was entitled to go to the jury on any of the counts. In the third count there is an averment that the defendants "did assault and beat the said Grenier." It is true that the count as a whole proceeds on other grounds; and it is doubtful whether the attention of the presiding judge was directed to the fact that an assault was therein alleged. But no demurrer was filed, and there is here a sufficient allegation of an assault. We are of opinion that there was evidence of unpermitted violence to the person of Grenier, by one or both of the defendants, in removing him without his consent to a place of danger and leaving him unprotected there, while he was virtually in a stupor and incapable of looking out for himself. It could be found that this constituted an assault for which they would be liable. *Hudson* v. *Lynn & Boston Railroad*, 178 Mass. 64.

As the exceptions must be sustained for this reason, it is unnecessary to determine whether there was any evidence to entitle the plaintiff to go to the jury under the 'second or fourth counts, which seem to be based on alleged negligence of the

defendants. See *Podespik* v. *Worcester Consolidated Street Railway*, 216 Mass. 213, and cases cited.

*Exceptions sustained.*