FRANK KALLIO, administrator, vs. WORCESTER CONSOLIDATED
STREET RAILWAY COMPANY.

Worcester.  October 4, 1915. — October 14, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Trespasser, Causing death.  *Street Railway.*

A boy thirteen years of age, who is stealing a ride outside the closed door of a ves-
tibuled street railway car in a place not intended for the transportation of pas-
sengers and is watching for a chance to jump off before he shall be observed by
the conductor, and who jumps off when the conductor opens the door and makes
a grab for him, as matter of law is not in the exercise of due care.

In the present case there was nothing to indicate that the boy who jumped off the
car under the circumstances above described jumped off because of fright rather
than from a desire to escape the consequences of detection in wrongdoing.

In an action against a street railway corporation for causing the suffering and
death of a boy thirteen years of age, who was stealing a ride outside the closed
door of a vestibuled car of the defendant, evidence that the conductor of the car
walked slowly toward the door and opened it and without saying anything
grabbed for the boy, who thereupon jumped off while the car was in motion,
does not tend to show wanton, reckless or wilful misconduct on the part of the
conductor.  *Whether* this issue was material in the present case was not de-
cided, its materiality having been assumed for the purposes of decision.

TORT by the administrator of the estate of Anthony Kallio,
late of Worcester, for causing the death and the preceding con-
scious suffering of the plaintiff's intestate when he was thirteen
years of age by injuries sustained on January 16, 1913, from which
he died on February 14 of the same year.  Writ dated June 16,
1913.

In the Superior Court the case was tried before *Hall,* J., who
at the close of the evidence, which is described in the opinion,
ordered a verdict for the defendant.  The plaintiff alleged excep-
tions.

The case was submitted on briefs.

*M. M. Taylor & M. C. Taylor,* for the plaintiff.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

RUGG, C. J.  This is an action of tort to recover for the death
and conscious suffering of Anthony Kallio, a thirteen year old boy,
who received a mortal injury after dark on a January day while

leaving a moving car of the defendant on which he had been "hopping cars." Other evidence showed that this meant that he was trying to ride, unobserved by the conductor and without paying fare, upon parts of the car not intended for passengers. There was evidence tending to show that the boy had been riding on the left rear step outside the closed vestibule door which enclosed that side of the platform, and was on the lookout for the conductor. The single companion with him on the step testified as follows: "Anthony was nearest the front end of the car and had hold of the front handle. We saw the conductor come walking down; we didn't know he was after us because if he was after us he would be walking fast. He was walking slow. Then I saw the conductor come and he pulled the door open quickly and made a grab for us and he just hit Anthony's shoulder, and then we jumped and he went scrambling into the team and he couldn't get his balance. The conductor did not say a word to them." Other witnesses said, "The conductor opened the door with a bang;" that he "pulled the door back—it opened in the middle — and grabbed out his hand to get them and then the two of them hopped off;" that "he opened the door and then he tried to make a grab for them and the two of them dived." The street was slushy and slippery, and the plaintiff's intestate, being unable to gain his balance as he jumped from the car, hit his head against the hub of a passing wagon. The conductor testified that the rule or custom of the road with reference to trespassers on cars was to "stop at the next white pole and leave them off, if they get off, all right, if not, and disorderly, have some authority put them off."

1. The evidence is insufficient to show that the deceased was in the exercise of due care. A boy who is at the least a trespasser, if not also committing a crime, St. 1906, c. 463, Part I, § 64, riding outside the door of a vestibuled electric car in a place not intended for persons to ride, watching for a chance to jump off before he shall be observed by the conductor, is not in the exercise of due care. *Kyle* v. *Boston Elevated Railway*, 215 Mass. 260. *Godfrey* v. *Boston Elevated Railway*, 215 Mass. 432. In order to recover either for conscious suffering or for death, a plaintiff ordinarily must show that his intestate was in the exercise of due care. St. 1907, c. 392. *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510. *Carney* v.

*Boston Elevated Railway,* 219 Mass. 552.   *Grenier* v. *O'Gara,* 219 Mass. 15.   *Gaffney* v. *Bay State Street Railway,* 221 Mass. 457.

2. There is no evidence that the boy was suffering from such fright as to be relieved of the duty to exercise care.   Indeed, there is nothing to indicate that the jump was from fright rather than from his own consciousness of wrongdoing, from desire to avoid a possible arrest, from the ignominy of being detected by the conductor in "hopping cars," or from other causes.   *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467.   *Mills* v. *Powers,* 216 Mass. 36.

3. The plaintiff has argued that there was evidence of wanton, reckless or wilful wrong by the conductor as a contributing cause of the injury.   If it be assumed in the plaintiff's favor (but without so deciding) that this point is material, there was no error.   So far as appears, there were no threats or conduct rightly describable by these words expressive of culpability, which alone in cases to which they are applicable would establish liability on the part of the defendant.   The case upon this point is well within the authority of numerous decisions.   *Bjornquist* v. *Boston & Albany Railroad,* 185 Mass. 130.   *Albert* v. *Boston Elevated Railway,* 185 Mass. 210.   *Shelly* v. *Boston Elevated Railway,* 211 Mass. 516.   *Lebov* v. *Consolidated Railway,* 203 Mass. 380.   *Mugford* v. *Boston & Maine Railroad,* 173 Mass. 10.   *Planz* v. *Boston & Albany Railroad,* 157 Mass. 377.   *Massell* v. *Boston Elevated Railway,* 191 Mass. 491.

*Exceptions overruled.*