RAMÍREZ, DEMANDANTE Y APELANTE, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre indemnización de daños y perjuicios.

No. 1288.—Resuelto en diciembre 16, 1915.

CONDUCTORES — TRANSGRESORES — EXPULSIÓN DEL TRANSGRESOR — NEGLIGENCIA O MAL COMPORTAMIENTO—MALICIA, TEMERIDAD O PERVERSIDAD.—Un conductor tiene el derecho legal de expulsar a un transgresor sin incurrir en responsabilidad cuando la expulsión se verifica en debida forma empleando solamente la fuerza necesaria al objeto y en lugar adecuado, ya que no tiene más deber para con el transgresor que el de evitar causarle daños, debido a negligencia o mal comportamiento tan manifiesto que deba considerarse como malicioso, temerario o perverso.

ID.—ID.—NIÑOS—JÓVENES—ADULTOS.—Exígese mayor grado de cuidado al conductor cuando es un niño de corta edad el transgresor, pues su conducta podría ser perversa tratándose de un niño en tanto que no lo sería en cuanto a un joven que tiene el dominio de sus fuerzas físicas o de un adulto en buena salud.

ID.—ID.—TREN EN MARCHA—GESTOS AMENAZADORES.—El mero hecho de que un tren esté en marcha no hace manifiestamente negligente o perversa la conducta del conductor al exigir a un transgresor que se baje, ni envuelve en sí responsabilidad para el conductor el hacer gestos amenazadores al ordenar al transgresor que se baje cuando el tren va a poca marcha.

ID.—ID.—PERVERSIDAD—PRUEBAS.—Un conductor puede obligar a un transgresor a bajarse de un tren que va a poca marcha, cuando no hay nada anormal en su previsión que convierta en perversa la expulsión, incumbiendo al demandante la prueba de que el conductor actuó con perversidad al expulsarlo del tren.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José Sabater* y *Augusto Malaret.*

Abogado de la apelada: *Sr. F. G. Pérez Almiroty.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso en el cual se estableció una acción de daños y perjuicios basada en la supuesta conducta abusiva de los empleados de la demandada, la corte sentenciadora declaró probado en su opinión que el demandante sin el consentimiento expreso o tácito de la demandada había ocupado un sitio en uno de los vagones para transportar cañas de uno de los trenes de dicha demandada; que había otras personas que hicieron lo mismo; que el conductor buscando transgresores para librar al tren de ellos se encontró con el demandante y le ordenó salir del vagón, amenazándole con un pedazo de caña de azúcar que llevaba alzada en la mano; que el demandante obedeció la orden y saltó o se dejó caer del vagón al suelo y al hacerlo se resbaló, o de algún modo perdió el control sobre sí mismo y cayó en tal forma que un pie quedó bajo las ruedas del tren que en ese momento corría despacio; que el pie del transgresor quedó tan mutilado que fué preciso amputarlo sobre el tobillo; que el demandante era un transgresor y la marcha que llebaba el tren no era tan rápida que razonablemente pudiera haberse esperado daño para el demandante; y que en estas condiciones estimó la corte que el conductor tenía derecho a expulsar al demandante del tren.

También aparece de la prueba que el demandante y otros varios muchachos más jóvenes subieron al tren y al ordenarles

el conductor que se bajaran, todos los demás muchachos se tiraron antes que el demandante sin que nada les ocurriera. El demandante tenía diez y seis años de edad y era robusto.

El apelante admite, de conformidad con 5 Ruling Case Law, página 745, título Porteadores, que un porteador tiene el derecho legal de expulsar a los transgresores y que dicho porteador no incurrirá en responsabilidad cuando la expulsión se verifica en debida forma y en el lugar adecuado; y que también puede un porteador expulsar de su propiedad, empleando solamente la fuerza que sea necesaria al objeto, a cualquier persona que no tenga nada que hacer allí. Se insiste, sin embargo, en que el apelante era un menor y que la actitud amenazadora del conductor hizo que el muchacho se tirara del tren en marcha con el resultado que razonablemente pudo haberse previsto.

Thompson en su obra sobre Negligencia, sección 3303, tomo III, 2ª. edición, indica que según el peso de las autoridades el porteador no tiene más deber para con un transgresor que el de evitar causarle daño debido a negligencia o mal comportamiento tan flagrantes que deba considerarse como malicioso, temerario o perverso. La regla como cuestión puramente de ley es la misma en lo que respecta a los adultos que en cuanto a los niños, Thompson, sección 3310; pero se exige mayor grado de cuidado al porteador cuando el niño es de poca edad, por lo general si es menor de 14 años, *Doggett* v. *Chicago B. & Q. R. Co.,* 13 L. R. A. (N. S.) 371, en el que se revisa la jurisprudencia en la opinión y notas al final de dicho caso. En otras palabras, que la conducta del porteador, dependiendo de las circunstancias, podría ser perversa con respecto a un niño de pocos años mientras que no lo sería tratándose de un joven que tiene el dominio de sus fuerzas físicas o de una persona mayor de buena salud.

También ha quedado bien establecido que el mero hecho de que el tren esté en marcha no convierte la conducta del porteador al exigir al transgresor que se baje, en conducta manifiestamente negligente o perversa, *Bolin* v. *Chicago, etc.*

R. R. Co., 81 A. S. R. 911, 924, el cual es un caso de un niño transgresor. En esta materia también depende de las circunstancias.

Si un conductor tiene el derecho de ordenar a una persona que se baje de un tren que va a poca marcha, el hecho de que hiciera un gesto amenazador, no envuelve por sí responsabilidad para con el porteador. Se ha resuelto que una persona de edad corriente y no de pocos años puede interpretar la amenaza como interpretaría la orden.

*Bjornquist* v. *Boston & Albany R. R. Co.*, 115 Mass. 130, fué un caso en que un tren de carga marchaba muy despacio sin locomotora y el guardafrenos le ordenó a un muchacho de ocho años y tres meses que se había montado sin permiso que se bajara, con la amenaza de "Bájese de ahí o le romperé el pescuezo." La corte, considerando que fácilmente puede haber circunstancias en que podría declararse que el guardafrenos no ha ejercitado el debido cuidado con un muchacho de tan poca edad, resolvió que el hecho de que no se tuviera ese cuidado en este caso estaba muy lejos de constituir el descuido que era equivalente a un daño intencional. La corte analizó la amenaza y resolvió que de acuerdo con las circunstancias no era perversa.

En el caso de *Planz* v. *Boston & Albany Railroad Co.*, 17 L. R. A. 835, el transgresor era un adulto que se subió al tren mientras marchaba despacio pero que se bajó cuando dicho tren iba a mayor velocidad debido a la amenaza del guardafrenos de "bájese o lo tiraré fuera", diciéndole esto con un palo que tenía levantado en su mano. El caso gira como sucede con la mayor parte de los casos acerca del particular sobre la doctrina de negligencia contributoria y si dicha negligencia contributoria ha sido superada por el acto perverso del porteador o su empleado. El transgresor pudo haberse mantenido alejado del guardafrenos por un rato y el caso depende en gran parte de esa cuestión, pero la corte llamó la atención hacia el hecho de que no era como si el transgre-

sor hubiera sido èxpulsado del tren en marcha mediante fuerza física cuando éste marchaba rápidamente.

El Juez Sr. Holmes en el caso de *Mugford* v. *Boston & Maine Railroad Co.,* 173 Mass. 10, emitió la opinión del tribunal, sosteniendo que no había prueba suficiente de incumplimiento de su deber por parte del demandado al hacer una amenaza a un muchacho de 11 años que premeditadamente subió a un tren en marcha y a quien le ordenó que bajara un guardafrenos que estaba arriba del carro y que bajaba con la mano levantada. No se permitió al demandante que recobrara daños y perjuicios.

En el caso de *Powell* v. *Erie R. Co.,* 1 Am. & Eng. Annotated Cases, 774, el demandante, persona robusta de unos 21 años de edad se propuso correr sin permiso en un tren de carga y carbón. No había llegado a un sitio de seguridad pero estaba subiendo. El guardafrenos le tiró con pedazos de carbón con ninguno de los cuales le dió. La corte resolvió, por conducto del Juez Sr. Pitney, que el hecho de tirar pedazos de carbón era de poca importancia o nada más que un aviso para el transgresor de que se opondría resistencia a su tentativa en subir al tren. La corte cita con aprobación los casos de Planz y Mugford, *supra.* Véase también el de *Lebov* v. *Consolidated Railway Co.,* 26 L. R. A. (N. S.) 265.

No queremos que se entienda que nosotros aprobamos ahora los casos citados en toda su extensión. Algunos de ellos más bien llegaban al límite divisorio de los casos reportados y otros quizás van más lejos de donde estaríamos dispuestos a ir bajo las mismas circunstancias, pero la regla que de los mismos ha de deducirse así como de la experiencia es que un conductor puede obligar a un transgresor a bajarse de un tren que va a poca marcha cuando no hay nada excepcional dentro de su previsión que convierta en perversa dicha expulsión. Los casos principales que han sido citados por el apelante *Enright* v. *Pittsburg Jun. Co.* 198 Pac. 166; 47 Atl. 938; *Pierce* v. *North Carolina R. R. Co.,* 124 N. C. 83; 32 S. E. 399; *Ashworth* v. *Southern R. Co.,* 116 Ga. 635; 43 S.

E. 36, eran todos casos en los cuales o el tren iba a mayor velocidad o en que el transgresor era muy joven o intervino algún ótro elemento que hizo que la expulsión fuera perversa.   El caso principal en cuanto al particular es el de *Lovett* v. *Salen & S. D. R. Co.,* 9 Allen, 557, citado con aprobación pero el cual se distingue en el de *Planz* v. *Boston Albany R. Co., supra,* y en otros casos.

El demandante estaba en la obligación de probar que el conductor procedió con perversidad al expulsarlo.   Y aunque no dejamos de tener algunas dudas, no podemos, después de la conclusión a que llegó la corte inferior, resolver que la expulsión se hizo sin la debida autoridad.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.