## EDWARD HIGGINS *vs.* CITY OF BOSTON.

Suffolk.    January 10, 1889. — February 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Highway Defect — Want of Railing.*

A horse, while being driven along a private way towards a city street sixty-six feet wide, from which it led at right angles, became uncontrollable at a distance of about one hundred feet from such street. When the street was reached, the driver had not regained control sufficiently to enable him safely to turn and drive along it, and he drove directly across it and down a bank on the other side, which was unprotected by a railing, upon the adjoining land ; and a person with him was injured. *Held,* that the want of a railing, even if it would have been useful, was not the sole cause of the injury, and that the city was not responsible therefor.

TORT for personal injuries occasioned to the plaintiff by reason of the want of a railing at the side of Neponset Avenue, in Boston. At the trial in the Superior Court, before *Mason*, J., the plaintiff introduced evidence tending to show the following facts.

Neponset Avenue, at the place of the alleged defect, was sixty-six and two tenths feet wide, with a gravel sidewalk, and a gutter on each side. A private way about twenty feet wide, which had existed for at least twenty-five years, led from the westerly side of Neponset Avenue, at about the level of the sidewalk, over land of one Frost. On the easterly side of the avenue, and opposite this private way, the land sloped abruptly at an angle of nearly twenty-two and one half degrees, to a depth of about three feet. Along the edge of this bank, at the side of the street, there was no fence or railing, and at the time of the accident the land outside of it, opposite the driveway, was filled up with a rank growth of weeds and grass.

In the afternoon of July 7, 1887, the plaintiff was riding in a carriage with Frost, who was driving, drawn by a horse which was young and spirited, but without any vicious or bad habits, and a safe and proper horse to drive. Frost, who had driven along this private way into a pear orchard on his land, turned and drove back into the private way at a point about one hundred feet from Neponset Avenue. Just as they were turning into the private way, the horse threw his tail over the left rein, and started into a run. Before the horse had gone more than from twenty-five to forty feet towards Neponset Avenue, Frost removed the tail from the rein, and recovered sufficient control to check the speed of the horse, but not wholly to stop him, and when they crossed Neponset Avenue he was going, as one of the witnesses testified, at a speed of from ten to twelve miles an hour, and, as another testified, of a trifle over thirteen miles an hour. Frost drove directly across Neponset Avenue, making a slight deflection to avoid posts in the gutter and on the edge of the bank, and upon the land on the easterly side. As the carriage went down the bank, the plaintiff was thrown from the carriage, and he received the alleged injuries. Frost remained in the carriage, drove not more than fifty feet, and turned and stopped the horse.

Both Frost and the plaintiff testified, that from the time the horse threw his tail over the rein until the plaintiff was thrown out was not more than fifteen seconds, and that, in their opinion, it would have been unsafe after they reached the avenue to turn for the purpose of driving along it.

On this evidence, the judge, at the defendant's request, ruled that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*C. N. Harris*, for the plaintiff.

*R. W. Nason*, for the defendant.

C. ALLEN, J. This case falls fully within several decisions of this court. The horse had got out of the control of the driver when off from the highway, and at a distance of about one hundred and sixty-six feet from the place of the alleged defect, namely, the want of a railing or fence; and when the highway was reached, the driver had not regained control sufficiently to enable him safely to turn and drive along it, and therefore he drove directly across, and upon the adjoining land. The city was not bound so to construct the avenue that a runaway horse could come upon it, and cross it at right angles, and leave it with safety. Even if a railing would have been useful to the plaintiff, (which is doubtful,) the want of it was not the sole cause of his injury. The uncontrollable condition of the horse contributed directly to it, and that condition arose outside of the limits of the highway, and at such a distance from the place of the alleged defect that the city is not responsible. *Adams* v. *Natick*, 13 Allen, 429. *Fogg* v. *Nahant*, 98 Mass. 578, and 106 Mass. 278. *Richards* v. *Enfield*, 13 Gray, 344. *Titus* v. *Northbridge*, 97 Mass. 258.

*Exceptions overruled.*