JOHN J. SULLIVAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 6, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Witness*, Cross-examination.   *Negligence*, Street railway.   *Carrier*, Of passengers.

At the trial of an action of tort against a street railway company for injuries alleged to have been received by the plaintiff by reason of his having been assaulted by the conductor of a car, upon which he was a passenger, and expelled therefrom with an unwarranted use of force, it appeared that the conductor, whose testimony tended to prove facts inconsistent with the plaintiff's allegations, had made no report of the accident to the defendant. The conductor testified in cross-examination that he had made no report because he considered the affair insignificant and that, under the defendant's rules, whether or not a conductor should make a report was left to his discretion. Against the objec-

tion and subject to exception by the defendant, he then was asked: " Don't you understand there is a rule applying to conductors that they shall make a report of an accident, no matter how insignificant ? " and answered " Yes." *Held*, that the question was allowable in cross-examination as bearing on the conductor's real understanding of the rule, and thus to discredit his entire testimony.

If, after having discharged all its passengers at the end of its route, a street railway car has started without passengers to return to the car barn, there is, while it is in motion, no offer to accept any one as a passenger, and one who persists in an attempt to enter the car, understanding that the conductor refuses to receive him as such, and takes hold of the " grab irons " by the entrance steps, is a trespasser, and the conductor has a right to use a reasonable degree of force to prevent him from entering the car or continuing his hold upon it.

TORT for personal injuries alleged to have been received by the plaintiff while a passenger on a street car of the defendant, by reason of an " unwarranted and malicious assault " upon him by the motorman and conductor of the car. Writ in the Superior Court for the county of Suffolk dated July 15, 1904.

There was a trial before *Bond*, J. The plaintiff's evidence tended to show that, while on a street car running from Park Street in Boston to Newton, he fell asleep and went past his destination, and did not wake up until the car reached Newton, when the conductor woke him and ordered him from the car ; that he said he would ride back on the car (which was going to the car barn) and would pay his fare ; that the conductor nevertheless insisted upon his leaving the car and pushed him off while the car was in motion, and that both the conductor and the motorman assaulted him after he was off the car.

The defendant's evidence tended to show that, upon being awakened at Newton, the plaintiff left the car, but, as it was starting empty for the car barn, he ran, seized hold of the " grab irons," ran along beside the car for a distance, and, upon the conductor's taking hold of his hands to loosen them, seized the conductor and pulled him from the car; that no unnecessary or unwarranted force was used, and that the plaintiff was intoxicated.

Besides the evidence as to the rule stated in the opinion, the conductor had stated that he considered the affair so insignificant as not to require a report, whether or not a report should be made being left to the judgment of the conductor. The exact question objected and excepted to was : " Don't you understand

there is a rule applying to conductors that they shall make a report of an accident, no matter how insignificant, and if he don't make such a report, it means absolute discharge?" His answer was "Yes."

Other facts are stated in the opinion.

There was a verdict for the plaintiff, and the defendant excepted.

*H. J. Hart*, for the defendant.

*M. A. Sullivan*, for the plaintiff.

SHELDON, J. 1. We cannot say that the court erred in allowing the plaintiff to cross-examine the defendant's conductor as to his understanding of the rules of the defendant relating to the duties of its conductors. The plaintiff did not seek to prove what the rule was, as in *Welch* v. *New York, New Haven, & Hartford Railroad*, 176 Mass. 393, and *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476. This was not, as in the cases just cited and in *Burns* v. *Worcester Consolidated Street Railway*, 193 Mass. 63, a case in which negligence might have been found from the violation of a rule. The plaintiff's object was to discredit the story of the conductor by showing that, although he had not reported the occurrence in question, he yet understood that under the defendant's rules it was his duty to make such a report. That is, the plaintiff apparently desired to lay the foundation for an argument that the real reason for the conductor's failure to make a report was that the latter could not truthfully have done so without confessing his own misconduct, and so to contend that the conductor's story told at the trial ought not to be believed. For this purpose, it was not the rule itself, but the conductor's understanding of the rule, or rather, as the presiding justice correctly put it, his understanding of his duty under the rule, that was material. We find no error here.

2. But we are of opinion that there was error in the ruling made that, while the conductor was not bound to stop the car for the purpose of allowing the plaintiff to get upon it, and would have had the right to interfere with the person of the plaintiff to prevent his being injured, yet he had not the right to do so for the purpose of preventing the plaintiff from getting upon the car; that the conductor had no right to do this, had no right to interfere with the person of the plaintiff to loose the plaintiff's

hold upon the car for the purpose of keeping him from getting on board. This ruling was given with reference to the contention of the defendant that the trouble with the plaintiff arose from his attempt to board the car while it was in motion, and the effort of the conductor to prevent him from doing so. It was distinctly and plainly stated to the jury, and the defendant by its exception invited the attention of the judge to the question.

In our opinion the jury should have been instructed as to this part of the case that, if the car had started upon its return trip there was, while it was in motion, no offer to accept any one as a passenger, and the conductor had a right to refuse to accept any one who sought to board the car, and, after such refusal, to use a reasonable degree of force to prevent such a person from boarding and entering the car, and for that purpose to lay hands upon him and interfere with his person, using no more force than was reasonably necessary, though he would have no right to use any excessive or unreasonable force or to attack wantonly any such intending passenger. This is the necessary result of the doctrines laid down in *Webster* v. *Fitchburg Railroad*, 161 Mass. 298, and *Merrill* v. *Eastern Railroad*, 139 Mass. 238, and is the very point of the decision in *Hogner* v. *Boston Elevated Railway*, 198 Mass. 260. So in *Solomon* v. *Manhattan Railway*, 31 Hun, 5, 8. If the plaintiff against the resistance of the conductor persisted in his attempt to board the moving car, understanding that the conductor refused to receive him as a passenger, he was a trespasser; *Massell* v. *Boston Elevated Railway*, 191 Mass. 491; and the conductor had the right to prevent him from carrying out his wrongful purpose by the use of such force as was reasonably necessary under the circumstances. If the car was not running for the transportation of passengers at all, but was merely being taken to the car barn to be put up for the night, the plaintiff's rights would be no greater than already has been stated. For any excessive force or for any wanton or reckless injury, there of course would be a liability. *McKeon* v. *New York, New Haven, & Hartford Railroad*, 183 Mass. 271.

*Exceptions sustained.*