## WILLIAMS et al. v. RAPER.

1. The reception in evidence of testimony of an impeaching nature, referred to in the opinion, will not require the grant of a new trial, in the light of all the evidence.

2. The act of August 13, 1910 (Acts 1910, p. 90), regulates the speed and manner of operating automobiles on the public highways. Where the acts of negligence alleged to have caused the damage consist of the violation of that act, a new trial in this case is not required because, in an instruction applying the statute, the court charged as follows: "In this connection I charge you that the operators and owners of automobiles have the same right to use public roads as the owners of other vehicles or machines, but, it being a dangerous machine, the law has prescribed certain rules by which they are to be governed in running on the public highway; and if in running these machines they come within the rule or comply with the law, and damage results therefrom, they are not liable."

3. There is no merit in the other exceptions to the charge, and the evidence is sufficient to support the verdict.

APRIL 18, 1913.

Action for damages. Before Judge Fite. Whitfield superior court. April 3, 1912.

Maddox, McCamy & Shumate and F. K. & C. D. McCutchen, for plaintiffs in error. George G. Glenn and M. C. Tarver, contra.

EVANS, P. J. The plaintiff alleged that he was driving a roadworthy horse to a buggy along a public road, and just as he was approaching a sharp curve an automobile of one defendant, operated by the other defendant, dashed around the curve, coming in his direction at the rate of forty miles an hour, frightening his horse, and causing him to overturn the buggy, injuring the plaintiff and damaging his buggy and harness. The specific acts of negligence alleged consisted in running the automobile around a sharp curve at a rate of speed greater than six miles per hour, as provided in section 5 of the act approved August 13, 1910; in

operating the automobile at a rate of speed greater than was reasonable and proper; in failing to give a signal of the approach of the automobile; and in failing, upon. being signaled to do so, to bring the automobile immediately to a stop, as provided by the above-cited act. The defendants denied all acts of negligence as alleged, and denied that the plaintiff or his property were injured. A small verdict was returned in favor of the plaintiff. A motion for new trial was overruled, and the defendants excepted. By way of cross-bill the defendants excepted to the refusal of the court to dismiss the motion for new trial, because of certain alleged defects.

1. The evidence was conflicting upon every issue made by the pleadings, and particularly as to the rate of speed of the automobile. There was another automobile following the one alleged to have occasioned the injury, and was referred to by witnesses as a means of identifying it. The witnesses for the defendants testified that at .the time of the occurrence the automobile was rounding the curve at a speed of less than six miles an hour, and that at no time during the trip was the speed of the automobile more than moderate; one of them did not believe that the speed exceeded 20 miles an hour at any time. In rebuttal of this evidence the court allowed two witnesses to testify that at a place on the same road they saw two automobiles going at a rapid rate of speed in the direction of and not far from the place where the injury is alleged to have happened; one of them estimating the speed at forty miles an hour, and the other saying that the machine was running as fast as it could. The rebuttal testimony was objected to on the ground that it was not shown that either of these machines was the one in controversy. There was sufficient identification by one of the witnesses; and though the other was not able to identify either of the automobiles as that of the defendant, yet, under all the circumstances of the case, we do not think the reception of this evidence was error.

2. The court charged: "In this connection I charge you that the operators and owners of automobiles have the same right to use public roads as the owners of other vehicles or machines, but, it being a dangerous machine, the law has prescribed certain rules by which they are to be governed in running on the public highway; and if in running these machines they come within the rule or comply with the law, and damage results therefrom, they are not

liable." It is urged that the use of the phrase, "it being a danger-ous machine," was prejudicial and calculated to impress the jury that because of its dangerous quality the defendant was bound to exercise a greater degree of care than the law imposed. We do not think so. The General Assembly, in recognition of the character of the machine, its power and capabilities of speed, and possible danger to pedestrians and horse-drawn vehicles in its operation, have seen fit to enact a statute regulating the speed and manner of operation of automobiles on the public highways. Acts 1910, p. 90. The statement by the court of a reason for the enactment of the law, though not commended, was not so improper as to require a new trial, under the facts of the case.

3. There is no merit in the exceptions to the other charges complained of, and they are not of such a nature that a dis-cussion of them would be profitable. The evidence was conflicting, but was sufficient to support the verdict.

*Judgment on main bill of exceptions affirmed. Cross-bill dis-missed. All the Justices concur.*