*A. R. Williamson, C. H. & R. S. Cohen,* contra.

---

## 8310.  KNIGHT *v.* SAVANNAH ELECTRIC COMPANY.

1-2. Since the act of 1910, amended by act of 1913, as to automobiles and conveyances of like character (in which motorcycles are held to be included) makes it unlawful to operate them on public roads, streets etc., without compliance with the provisions of that law, among which is a requirement that the machine shall be registered with the secretary of State and a registration fee paid, a person riding on an unregistered motorcycle along a public street when struck by a car of a street-railway company at a crossing is to be regarded as a trespasser, and is not entitled to recover from the company for negligence which is not wilful or wanton.

3-4. Under the evidence in this case, there was no wilfulness or wantonness on the part of the defendant in the injury to the plaintiff, who was riding on an unregistered motorcycle; and the court did not err in awarding a nonsuit.

DECIDED JUNE 18, 1917.

Action for damages; from Chatham superior court—Judge Charlton. September 10, 1915.

*W. R. Hewlett, H. P. Cobb,* for plaintiff.

*Osborne, Lawrence & Abrahams,* for defendant.

WADE, C. J.  1.  The act of 1910 (Acts of 1910, p. 90) amended in 1913 (Acts 1913, p. 75; Park's Annotated Code (Political),

§ 828 (a) et seq., (Penal) § 528 (c)) makes it "unlawful for any person to run, drive, or operate any automobile, locomobile, or other vehicle or conveyance of like character, propelled by steam, gas, gasoline, electricity, or any power other than muscular power, . . upon or along any public road, street, alley, highway, avenue, turnpike, or any private road, or way, generally used by the public of this State, except and until such person shall comply with the provisions of this act." Among the provisions of this law is a requirement that every person owning any one of the said machines shall register the same with the secretary of State, and pay a registration fee for each machine so registered, and that such registration shall be in lieu of all municipal licenses or registrations. A motorcycle propelled by gasoline "is, in contemplation of law, a vehicle 'of like character' with an automobile." *Bonds* v. *State,* 16 *Ga. App.* 401, 407 (85 S. E. 629).

2. One of the purposes of the act of 1910 was to safeguard persons lawfully using the highways from the serious risks of injury by machines of the character therein referred to, operated in defiance of law, the owners of which have furnished no means by which they may be identified and compelled to make proper compensation for injuries resulting from their negligence. "The act [of 1910] recognizes that the driver of an automobile has an equal right to the public highway with any other person, but it is provided that this right shall be exercised only in the manner and upon the terms and conditions prescribed by that act." *Sheppard* v. *Johnson,* 11 *Ga. App.* 280, 282 (75 S. E. 348). See also *Elsbery* v. *State,* 12 *Ga. App.* 86 (76 S. E. 779); *Bonds* v. *State,* supra; *O'Dowd* v. *Newnham,* 139 *Ga.* 811 (78 S. E. 253). Furthermore, it was the evident intention of the legislature to outlaw unregistered machines propelled by gas, gasoline, etc., and to give them, as to persons lawfully using the highways, no other right than that of exemption from reckless, wanton, or wilful injury; and, as against one lawfully using the highway, one traveling on an unregistered motorcycle is a mere trespasser upon such highway, since he is violating the law made for the protection of others against him, and such another, lawfully using the highway, owes him no further duty than that of abstaining from injuring him by wantonness or recklessness. Dudley *v.* Northampton Street Railway Co., 202 Mass. 443 (89 N. E. 25, 23 L. R. A. (N. S.) 561,

563). See also Richards *v.* Enfield, 13 Gray (Mass.), 344; Higgins *v.* Boston, 148 Mass. 484 (20 N. E. 105); Sullivan *v.* Boston Elevated R. Co., 199 Mass. 73, 76 (21 L. R. A. (N. S.) 36, 84 N. E. 844); Fitzmaurice *v.* New York &c. R. Co., 192 Mass. 159, 162 (78 N. E. 418, 6 L. R. A. (N. S.) 1146, 116 Am. St. R. 236, 7 Ann. Cas. 586); Massell *v.* Boston Elevated R. Co., 191 Mass. 491, 493 (78 N. E. 108).

3. The plaintiff was riding along a public street on a motorcycle when his machine struck or collided with a street-car at a crossing. The evidence disclosed that intervening objects prevented those on the car from seeing him as he approached the crossing, and entirely removed any suggestion of wilfulness or wantonness on the part of the street-railway company. As the machine of the plaintiff was unregistered, he was a mere trespasser upon the highway, and therefore the defendant company was not liable for injuries resulting to him, brought about by negligence only.

4. The trial judge properly awarded a nonsuit.

*Judgment affirmed. Luke, J., concurs; George, J., concurs specially.*

GEORGE, J. In an action by a motorcyclist to recover for personal injuries received in a collision with an electric street-car on a public highway, the mere fact that the plaintiff had not registered his machine with the secretary of State and paid the license-tax or fee as required by the act of 1910 (Acts 1910, p. 90) did not bar his right of recovery. The failure to register and pay the tax is no concern of the street-car company. It also is bound by the law of the State, and its general duty, under the law, is to so operate its cars and machinery as not to negligently injure the person or property of another. This duty exists with respect to a person on a public highway, although the person may be guilty of a violation of the law of the State. The fact that the motorcycle was not registered had no causal connection whatever with the injury to the plaintiff. If the motorcycle had been duly registered, his injury would have occurred just as it did. Violation of certain of the requirements of the act of 1910, such as failure to carry lights, to observe the rules of the road, etc., may in certain instances bar a recovery by a motorcycle or an automobile driver, but failure to register and pay the tax required is in no sense the

proximate cause of physical injury to a person driving a motorcycle or an automobile on a public highway. For these reasons, I do not agree that one driving an unregistered motorcycle is a mere trespasser upon the public highway, and therefore I dissent from the ruling announced in the second division of the majority opinion in this case. I concur specially in the conclusion reached, and think that the trial judge properly awarded a nonsuit, because the evidence in the record, with all reasonable deductions therefrom, shows that the plaintiff's injury was the result of his own negligence.