Edith M. Fielding *vs.* The S. Z. Poli Realty Company.

Beverly Chisholm *vs.* Same.

Hampden.    November 24, 1930. — January 5, 1931.

Present: Rugg, C.J., Pierce, Carroll, Wait, & Field, JJ.

*Negligence,* Of one owning or controlling real estate, Parking space. *Proximate Cause.*

There was evidence at the trial of an action of tort that one operating an automobile in which the plaintiff was riding, seeing a sign reading "Parking 25c." on an open space owned by the defendant, parked the automobile at night in the space forty to fifty feet from a large cellar hole therein; that the defendant maintained no light, barrier or other warning at the hole; that the operator, upon returning to the automobile, tried to start the engine with the self-starter, but failed; that he got out and used the crank, whereupon the automobile immediately started backward toward the hole; that his efforts to put the engine out of gear and to turn the automobile toward the street were unavailing; and that the automobile went into the hole, causing injury to the plaintiff. *Held,* that

(1) The cause of the accident was that the automobile got out of control: the presence of the hole, even though unguarded, was merely a condition thereof;

(2) Although a finding was warranted that the defendant had extended to the occupants of the automobile an invitation to park it in the space, a finding was not warranted that the defendant had failed to perform any duty which he owed to the plaintiff as a result of such invitation;

(3) The plaintiff could not recover.

Two ACTIONS OF TORT. Writs dated October 4, 1927.

Material evidence at the trial of the actions together in the Superior Court before *Burns, J.*, is stated in the opinion. The judge denied a motion by the defendant in each action that a verdict be ordered in its favor. Subject to leave reserved under G. L. c. 231, § 120, there were recorded a verdict for the plaintiff in the first action in the sum of $275 and a verdict for the plaintiff in the second action in the sum of $1,500. Thereafter the judge ordered the entry of a verdict for the defendant in each action and reported the actions for determination by this court.

The case was submitted on briefs.

*C. F. Ely & D. B. Wallace,* for the plaintiffs.

*J. H. Madden,* for the defendant.

WAIT, J. These are two actions, one for damage to an automobile and one for personal injuries, which arose out of the following happenings. The plaintiff Chisholm was a passenger with three others in a car owned by the plaintiff Fielding, which was driven by her son to Springfield and parked in an open space at the corner of Broadway and Pynchon streets. The driver, as he went along Pynchon Street, saw a sign which read: " Parking 25c." He turned to his left into the space through an opening and parked his car parallel with Pynchon Street and about forty feet from it beside another automobile which stood nearer Pynchon Street. There were five or six other cars in the space. It was about dusk, around eight o'clock in the evening of July 5. None of the party then noticed an empty cellar hole, twenty feet wide, seven or eight feet deep and fifty feet long, which began about ten feet back from the street. The car was parked approximately forty or fifty feet away from this hole, about two feet from an iron fence which separated the lot used for parking from the lot on which the Forbes & Wallace store was standing. The space used for parking was owned by the defendant. The charge for parking was taken ordinarily by one Shinos who turned it over to a representative of the defendant. There is nothing to show that anything had been done to the land to fit it for parking purposes,

or that any care of the vehicles left on it was assumed by the person who ordinarily collected the parking charge. The evidence was conflicting whether any barrier or guard existed, on the night in question, between the cellar hole and the parking space. For the purposes of this decision we must assume that there was no barrier, and no lights or other warning maintained there. *Shea* v. *American Hide & Leather Co.* 221 Mass. 282, 283. The occupants of the car were unable to find any one in charge, and made no payment for parking at any time. They returned about ten-thirty o'clock and got into the car. Fielding, the driver, turned on the switch, stepped on the starter, found the battery dead and got out. He cranked the car, which immediately started backward. He jumped to the running board, and tried to take the car out of gear and to head it toward Pynchon Street. It moved some sixty feet; the right rear, followed by the right front, wheel went over the edge, and the car fell into the cellar hole. The plaintiff Chisholm, who had been on the front seat, fell under the car.

The defendant can be held liable only if it failed in performing a duty which it owed to the plaintiffs, and this failure contributed to cause their injuries. See *Currier* v. *Whitin Machine Works,* 258 Mass. 82; *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, 149. A jury would be justified in finding that an invitation to park was extended to the owner of the car and to those in it; and that a duty was imposed on the defendant to use reasonable care to see that the space was reasonably safe for the invited use. The duty, however, must be limited to the invitation. *Plummer* v. *Dill,* 156 Mass. 426. There was no undertaking to insure the safety of car or passengers. Had the car, while momentarily out of control, backed into another vehicle in the parking space, then, even though serious injury resulted, no one, we think, would fix blame upon the defendant, yet it would have contributed, in a sense, through its invitation to the second car to park where it had been. The cause here was that the car got out of control. For this the defendant was in no way responsi-

ble.   No act or omission of its own or of its servants
brought it about or contributed to it.   The presence of
the cellar hole, whether guarded or not, was merely a con-
dition of the injury, not a contribution to its cause.   It
may well be doubted whether a light or a guard would
have made any difference in the result.   There is no evi-
dence to show that warning, light, or barrier such as any
reasonable man would have set up, would have affected
the result.   The law did not place any duty which has
been violated on the defendant in the circumstances here
disclosed.   The invitation did not go beyond permission
to come upon the land and to leave a car in the space as
it stood.   There was no undertaking to make it differ-
ent so that possible risks of injury might be removed.

In accord with the stipulation embodied in the report
the entry must be, in both cases,

*Judgment for the defendant.*