MINNIE A. KELLEY *vs.* LEON GOLDBERG & others.

Worcester.   September 25, 1933. — October 23, 1934.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Invited person, Parking space, One owning or controlling real estate, Proximate cause, Contributory.

In an action for personal injuries against the proprietor of an outdoor parking space, it appeared that the plaintiff was a guest in an automobile whose owner drove it to the defendant's premises for the purpose of parking it and paid the defendant the charge therefor; that the occupants of the automobile got out; that the attendant on the

premises parked the automobile lengthwise over a greasing pit, about three feet behind another vehicle parked over the pit; that there was a curbing, several inches high and wide, around the pit, but otherwise nothing to give warning of its presence there; that later the plaintiff and the owner of the automobile returned to the parking space; that the attendant indicated by a motion of his hand where the automobile was parked; that the plaintiff, while attempting to go around the front of the automobile to enter it, fell into the pit and was injured; and that there was insufficient light in the space between the automobile and the vehicle parked in front of it to enable him, while passing through that space, to discern the presence of the pit. *Held*, that

(1) A conclusion was warranted that the plaintiff, when injured, was an invitee of the defendant, and not a mere licensee, upon the premises;

(2) Conclusions were warranted that the defendant did not use proper care to keep the premises in a reasonably safe condition for the plaintiff's use according to the invitation or give him reasonable warning of the existence of the pit; that the defendant was negligent; and that the plaintiff's injuries were a proximate result of such negligence;

(3) A conclusion was not required as a matter of law that the plaintiff was guilty of contributory negligence;

(4) Upon the facts and the conclusions warranted thereby, the plaintiff was entitled to recover.

TORT. Writ dated November 29, 1929.

In the Superior Court, the action was referred to an auditor. Material findings by the auditor are stated in the opinion. He assessed the plaintiff's damages in the sum of $2,300. A motion by the plaintiff for judgment in her favor in that sum upon the auditor's report was allowed by *W. A. Burns*, J. The defendants alleged an exception.

*J. Joseph MacCarthy*, (*J. W. Ceaty* with him,) for the defendants.

*F. P. McKeon*, (*N. Fusaro* with him,) for the plaintiff.

FIELD, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff and consequential damages. The case was referred to an auditor who made findings of fact. The plaintiff's motion for judgment was allowed and the defendants excepted.

The motion for judgment was allowed rightly. See *Ballou v. Fitzpatrick*, 283 Mass. 336.

The auditor found that on December 1, 1928, the plaintiff sustained personal injuries when, in attempting to get into a

parked automobile, she fell into a greasing pit on premises leased to the defendants, "used as a gasoline filling station and a place for oiling and greasing automobiles and for the parking out of doors of automobiles upon the payment of a required charge." And he found that the owner and operator of the parked automobile paid the defendants the required charge for parking it. The auditor also found, as a conclusion from other facts found, that the plaintiff was in the exercise of due care at the time of the accident, that the defendants extended to the operator of the automobile and "to those riding in it an invitation to enter said premises for the purpose of parking" the automobile thereon, and that the plaintiff's accident was due to negligence of the defendants or their agents. And the plaintiff's damages were assessed. These findings support the judgment and so far as they are conclusions from other facts found are warranted by such facts.

The defendants' duty — breach of which would constitute negligence — to persons invited to enter the premises for the purpose of parking an automobile thereon for hire was to use reasonable care to keep the premises in a reasonably safe condition for such persons' use according to the invitation, or at least to warn them against any dangers attendant upon this use which were not known to them or obvious to any ordinarily intelligent person and either were known or in the exercise of reasonable care ought to have been known to the defendants. *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, 291. *Fielding* v. *S. Z. Poli Realty Co.* 274 Mass. 20, 22.

The subsidiary facts found warranted the conclusion that the plaintiff, when injured, was using the premises according to the defendants' invitation. The premises were seven thousand square feet in area, of which about three thousand square feet were paved with concrete. A sign conspicuously displayed bore the words "Parking — 25 cents." The owner and operator of the automobile, which was occupied also by the plaintiff and two other women, drove it into the parking space for the purpose of parking it. The four women got out of the automobile and an attendant in the employ of the defendants parked the automobile lengthwise over a greasing

pit within the paved area. About three feet in front of this automobile another automobile was parked partly over the pit. Later in the day, about 5:45 in the afternoon, the owner and the plaintiff returned to the parking space. The two other women, already in the automobile, called to them and an attendant in the employ of the defendants indicated by motion of his hand where the automobile was parked. An attendant would have driven the automobile from its position over the pit if the owner had requested him to do so. The owner opened the door on the left side and placed some packages in the automobile and the plaintiff at the same time started to go around in front of the automobile in order to enter it on the right side and in so doing fell into the pit. The nature of the parking space and the conduct of the defendants' employees warranted the inference that the defendants' invitation to use the parking space for hire contemplated that the owner and operator might drive the automobile from the space where it was parked, and that both she and her companion, the plaintiff, might get into it at that place. *Fielding* v. *S. Z. Poli Realty Co.* 274 Mass. 20, 22. See also *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368; *Statkunas* v. *L. Promboïm & Son Inc.* 274 Mass. 515, 520. *Murphy* v. *Huntley,* 251 Mass. 555, is distinguishable in its facts.

The finding that the plaintiff's injury was caused by negligence of the defendants or their agents was warranted by the subsidiary facts found. The greasing pit was rectangular, constructed of concrete and approximately nineteen and three fourths feet long, three feet wide, and six feet deep. There was a curbing of concrete around it, close to the edge of the opening, about four or five inches high, about four or five inches wide at the sides and somewhat wider at the front and back. The wheels of the automobiles parked over the pit rested on the concrete pavement outside the curbing. There was not sufficient light between the two automobiles to enable any one attempting to pass in the three-foot space between them "to discern the existence of the pit," there "was no fence, rail or barrier of any kind, other than said . . . curbing, surrounding said pit . . . there was no warn-

ing light thereon . . . no notice of the existence of the pit
was posted upon said premises and . . . no one warned the
plaintiff or either of her companions of the existence of the
pit" or that the automobile had been parked over it. These
findings warranted the conclusion that the defendants did not
use reasonable care to keep the premises in a reasonably safe
condition for the plaintiff's use according to the invitation or
give her the required warning of the danger attendant upon
such use. *Gordon* v. *Cummings*, 152 Mass. 513. *Marston* v.
*Reynolds*, 211 Mass. 590. *Blood* v. *Ansley*, 231 Mass. 438.
*Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, 193. *Statkunas* v.
*L. Promboim & Son Inc.* 274 Mass. 515, 520. And the infer-
ence of a causal relation between this breach of duty on the
part of the defendants and the plaintiff's injury could prop-
erly be drawn.

The burden of proving contributory negligence — want
of due care — of the plaintiff was on the defendants. G. L.
(Ter. Ed.) c. 231, § 85. *O'Connor* v. *Hickey*, 268 Mass. 454,
461. Neither the plaintiff nor any one of her companions
had noticed the greasing pit before the accident. In view of
this finding and of the findings in regard to insufficient light
and to the conduct of the attendants, the conclusion that the
plaintiff was not in the exercise of due care was not required
as matter of law. *Marston* v. *Reynolds*, 211 Mass. 590.
*Sleeper* v. *Park*, 232 Mass. 292, 296. *Goldstein* v. *Slutsky*, 254
Mass. 501.

*Exceptions overruled.*