Wilson, J.
This is an action of tort to recover for personal injuries sustained when the plaintiff slipped on a foreign substance on the floor of the defendant’s store. The answer was a general denial and contributory negligence.
There was evidence tending to show that the plaintiff, a woman about fifty-nine years of age, entered the defendant ’s store, about 2:30 P. M., to purchase provisions. While walking in the store she suddenly slipped and fell upon a thick, slimy fluid, which could have been found to come from crates of vegetables, piled high along the side of the aisle and which had been placed there by the employees of the de *448 fendant sometime before noon. No evidence was offered by the defendant except certain interrogatories hereinafter referred to.
The defendant seasonably presented nine requests fox-rulings, which are as follows:
1. The burden is upon the plaintiff to satisfy the court by a fair preponderance of evidence as to the condition she claims caused her accident.
2. The plaintiff has left it as a matter of conjecture as to just what condition caused her accident, and the court finds for the defendant.
3. The defendant was not an insurer of the safety of the plaintiff while she was on the defendant’s premises.
4. Upon all the evidence as a matter of law, the plaintiff has not shown the length of time the condition which she claims caused her injuries existed prior to the time of her injury, therefore, the plaintiff cannot recover.
5. There is no evidence that the defendant knew or should have known that the condition which caused the plaintiff’s injury existed, therefore, the plaintiff cannot recover.
6. Now comes the defendant and requests a ruling of law that upon all the evidence there is no evidence that the defendant was negligent.
7. The duty of the defendant was not to have a floor that the plaintiff could not fall on, but only to have a floor that was reasonably safe for the plaintiff to walk on in the usual pursuit of her business relations with the defendant.
8. The defendant is only responsible, if liability is found, and then only for the reasonable and probable injuries resulting from the defendant’s negligence.
9. The defendant is only responsible, if liability is found, for only the conditions, injuries or sicknesses which reasonably flow from the original negligence of the defendant.
*449 The trial court made a general finding for the plaintiff, and referred to said requests as follows:
“These requests for rulings I have not granted as not being applicable to the above facts in the case as found by me upon the undisputed and uncontroverted testimony of the plaintiff and her witnesses.”
This was equivalent to a refusal to instruct himself as requested. John Hetherington & Sons v. Wm. Firth Co., 210 Mass. 8, 17, 18. Jasuikiewicz v. Wright, 288 Mass. 63, 65. Sullivan v. Roche, 257 Mass. 166, 169. Kravetz v. Lipofsky, Mass. Adv. Sh. (1936) 761, 764.
The defendant also presented a motion for a directed finding, which was denied in open court. It does not appear from the record that the defendant now claims such denial was error. The denial of such a motion has been held equivalent to a ruling that the evidence warranted a finding against the defendant. Commonwealth v. Hull, Mass. Adv. Sh. (1937) 15, 16. Woodman v. Haynes, 289 Mass. 114, 118. Mosher v. Hayes, 288 Mass. 58. Ashapa v. Reed, 280 Mass. 514, 516.
The duty of a trial judge sitting without a jury has been frequently stated. In Adamaitis v. Metropolitan Life Insurance Co., Mass. Adv. Sh. (1936) 1601, 1604, it was stated in this language:
“The trial judge in a case like the present performs a dual function. He must adopt correct principles of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules adopted by him for his guidance as a trier of fact in order that the right of review may be preserved.”
See also John Hetherington & Sons v. Wm. Firth Co., 210 Mass. 8, 18, 19. Castano v. Leone, 278 Mass. 429, 431. Ashapa v. Reed, 280 Mass. 514, 516.
*450 The defendant’s first request stated a correct principle of law. The judge should have so instructed himself. To refuse to do so was error. We cannot say it was not prejudicial to the defendant.
It was also prejudicial error to refuse the defendant’s third request. The keeper of a store is not an insurer of the safety of his customers. His duty was stated in Kelley v. Goldberg, 288 Mass. 79, 81:
“The defendant’s duty — breach of which would constitute negligence — to persons invited to enter the premises . . . was to use reasonable care to keep the premises in a reasonably safe condition for such persons’ use according to the invitation, or at least to warn them against any dangers attendant upon this use which were not known to them or obvious to any ordinarily intellig’ent person and either were known or in the exercise of reasonable care ought to have been known to the defendants.”
Crone v. Jordan Marsh Co., 269 Mass. 289, 291. Fielding v. S. Z. Poli Realty Co., 274 Mass. 20, 22.
For the same reason it was error to refuse the seventh request.
The eighth and ninth requests state correct principles having to do with the damages recoverable in such an action as the case at bar. It is unnecessary to decide whether the refusal of them constituted prejudicial error because of our conclusions regarding other issues in the case.
Because of the errors before enumerated, the case must be remanded to the court of origin for a new trial.
We do not deal with the claim of error regarding the defendant’s remaining requests nor in the admission of evidence “de bene;” nor the introduction of interrogatories to and answers by the plaintiff herself, as doubtless those difficulties will not again arise.
*451 It was also claimed by the defendant that the trial court erred in admitting testimony of the plaintiff and her son as to the conversation they had with the manager of the defendant’s store.
So much thereof as referred to the condition of the premises and the length of time the crates had been beside the aisle were admissible as part of the res gestae. The rule was stated in Conklin v. Consolidated Railway, 196 Mass. 302, 306:
“But in our opinion the question of the admissibility of this evidence must be determined upon the principle that the mere declaration of a servant or agent, not within the scope of his employment or authority, is admissible against his employer or principal only when it constitutes a part of the res gestae, when it either accompanies an act which is itself competent and material to be proved and which it tends to qualify, characterize or explain, or when it is itself a part of the transaction under investigation. It is conceded that this is the general doctrine both of our own decision and of those of other jurisdictions.” See cases cited.
They were also admissible because made by the manager, who it was proper to infer was charged by the defendant with the duty of keeping the premises in a safe condition and seeing to it that other employees under his control did not negligently do or permit anything to occur which would render the premises unsafe for customers. See Freeman v. United Fruit Co., 223 Mass. 300, 304. They were also admissible as tending to show the manager had knowledge that the crates had been allowed to remain beside the aisle for an unreasonable length of time.
The case is remanded to the court of origin and a new trial ordered.