CHARLES LAMATTINA vs. BLUE HOG BREEDING COMPANY, INC.

ROSE AMARU vs. SAME.

Suffolk.    February 3, 1937. — November 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, One owning or controlling real estate.

Evidence warranted a finding that, while the platform at the entrance of a barn which fell while the plaintiff and others were using it at the defendant's invitation was not in a defective condition so obvious as to dispense with the necessity of a warning to the plaintiff, there were defects in its supports which the defendant in the exercise of due care should have discovered and remedied.

Two ACTIONS OF TORT. Writs in the Superior Court dated September 2, 1931.

The actions were tried together before *Sheehan*, J. There were verdicts for the plaintiffs in the sums of $100 and $1,000 respectively. The defendant alleged exceptions.

*A. S. Lawrence*, for the defendant.

*S. Eisenstadt*, for the plaintiffs.

FIELD, J. These two actions of tort, each brought to recover compensation for personal injuries sustained by the plaintiff as a result of the alleged negligence of the defendant, were tried together. Motions of the defendant for directed verdicts were denied and the defendant excepted. There was a verdict in each case for the plaintiff.

There was evidence that the plaintiffs went to the defendant's premises with three other persons to buy a pig. It is not contradicted that the evidence warranted a finding that the plaintiffs were injured as the result of events which occurred while they, in accordance with the defendant's invitation, were on the defendant's premises as customers to whom the defendant owed the usual duty of care owed to business visitors. See *Kelley* v. *Goldberg*, 288 Mass. 79, 81. The evidence tended to show that the plaintiffs' injuries

were sustained in the following manner: Four members of the party, among them the plaintiffs, were conducted by the defendant's manager to a barn, in the control of the defendant, in which pigs were kept. They entered the barn by a door ten or twelve feet above the ground opening from a platform, outside the barn, about four feet square reached by a stairway. A pig was bought and was being carried away. One member of the party went upon the platform and down three steps of the stairway. The plaintiff Lamattina, a man weighing one hundred and thirty-five to one hundred and thirty-eight pounds, stepped upon the platform. While he was there the plaintiff Amaru, a woman weighing at least one hundred and eighty pounds, according to her own testimony, and from one hundred and ninety to two hundred pounds, according to the testimony of the plaintiff Lamattina, also stepped upon the platform. According to her own testimony the plaintiff Amaru "just touched the platform with her foot; just stepped upon it," but according to the testimony of the plaintiff Lamattina, unexpectedly to him, she "came rather suddenly on the platform." The platform broke away entirely from the side of the barn, but from another side continued to hang, in part or as a whole, suspended from one, or more, of the supporting posts. The plaintiffs, as a result, fell to the ground and sustained injuries.

It could be found that the strain upon the platform caused by the plaintiff Amaru's coming upon it was not so extraordinary that the defendant, in the exercise of reasonable care, was not bound to anticipate it. Apart from a strain so caused, there was no indication in the evidence and no possibility which the plaintiff was required to exclude (compare *Walker* v. *Benz Kid Co.* 279 Mass. 533, 537) of any cause of the platform's falling other than its defective condition. There was, moreover, evidence that before the platform fell it was supported on the side toward the building by a board or timber nailed to the building, and that after it fell some part of this board or timber remained in place, and there were a "lot of nails hanging on the building" and on this board or timber, and a few nails in a board

which had been a part of the floor of the platform. There was some evidence of rusty nails. And there was testimony which, even if its effect was weakened or limited on cross-examination, tended to show that the edge of the platform was rotten on the side where it broke away from the building — one of the witnesses testifying that "from the top [of the platform] one could have seen it was rotten." On the evidence as a whole, and warrantable inferences therefrom, it could be found that the platform fell because of its defective condition, which, though not so obvious that the necessity of a warning to customers was dispensed with, the defendant, in the exercise of reasonable care, should have discovered and remedied, and consequently it could be found that the defendant was negligent.

It properly is not argued that a finding of contributory negligence on the part of either plaintiff was required.

In each case the entry must be

*Exceptions overruled.*