*Western District*
No. 14081
Superior Court
No. 157773

## EDITH M. PIERCEY & THOMAS PIERCEY

### v.

## FRED W. WOOD PHARMACY, INC.

Argued: March 15, 1967    Decided: April 28, 1967

*Present:* Garvey, P. J., Levine, J. and Allen, J.

Tried to: *DiVitto, J.* in the Third District Court of Southern Worcester   No. 14081

*Levine, J.* In this action of tort, the plaintiffs seek to recover for personal injuries sustained by her in a fall upon premises of the defendant and consequential damages claimed by him. The answer is a general denial and an allegation of contributory negligence.

*At the trial there was evidence that* the defendant was the operator and in control of a drug store on the premises located at the intersection of Main Street and Maple Avenue in the Town of West Upton, Massachusetts. A post office was located in a separate building just east of the defendant's drug store. The post office and drug store were on the southerly side of Main Street. The drug store was set back twenty feet south of the southerly edge of an asphalt paved sidewalk located on the south side of said Main Street. There was an asphalt covered area between the front of the drug store and the sidewalk which was thirty-five feet long and twenty feet wide and sloped toward the north or the south sidewalk. There was a telephone booth located in the asphalt covered area in about the center of the area but closer to the sidewalk than to the store.

At about 5:00 o'clock in the afternoon of January 22, 1965, the plaintiff, Edith M. Piercey, was a passenger in an automobile which parked on the south side of Main Street just easterly of the aforementioned telephone booth. She walked to the store from the automobile, passing just to the west of the telephone booth.

After making a purchase, she left the store and proceeded in a general northeasterly direction across the well lighted asphalt covered area in front of the drug store to go to the post office. The surface of the asphalt covered area was wet. When she reached a point about eight feet east of the telephone booth and about ten feet south of the southerly edge of the sidewalk, *she slipped and fell.* After the fall, she felt with her hands some *ice* where she had fallen. *The icy area was two to three feet in diameter and irregular in shape with water on the surface and frozen solidly to the asphalt. The surface of the area around the ice was also wet.* She did not observe any ice before she fell. Kenneth Wood, who shared in the management of the defendant with his twin brother Kendall, came to help her and he slipped trying to help her.

The day of the accident, between 5:30 and 5:45 P.M., the plaintiff, Thomas Piercey, went to the point where his wife had fallen. He felt the surface of the asphalt with the soles of his shoes and then with his hands and felt what he had seen glistening beneath the water. There was an irregular icy patch on the surface of the asphalt.

It had snowed on January 21, 1965, the day before the accident. Kenneth Wood shovelled snow from the area in front of the store on that day. It did not snow the next day which was a warm day. On the day of the accident,

January 22nd, the temperature was above freezing at about 8:00 in the morning and remained so until after the time of the accident. During that morning, Kenneth Wood observed some snow on the surface of the asphalt area in front of the store and put some sand on it. Later that morning he swept up the sand, at which time there was no snow or ice in the area where he had sanded.

The defendant duly filed the following requests for rulings of law:

> (1) The evidence does not warrant a finding in favor of the plaintiff, Edith M. Piercey.
>
> (2) The evidence does not warrant a finding in favor of the plaintiff, Thomas Piercey.
>
> (3) The evidence does not warrant a finding that the damages allegedly sustained by the plaintiffs were caused by negligence of the defendant or any person for whose conduct the defendant was legally responsible.

The trial judge filed a document entitled "Corrected Finding and Disposition of Defendant's Request for Rulings" as follows: "I find that: On January 22, 1965 at about 5:00 P.M. the plaintiff while leaving the defendant's drug store, after having made a purchase, fell as a result of slipping on a piece of ice which was 2 feet to 3 feet in diameter and irregular in shape with water on the surface and frozen solidly to the asphalt. There was no testimony as to its thickness. It was located on a sloping asphalt covered area directly in front of the drug store 8 feet east of a telephone booth and about 10 feet from the edge of curb of side-

walk on the southerly side of Main Street, Upton, Mass. This asphalt covered area was about 20′ x 35′ and was between the drug store and the southerly line of Main Street. In the center of the area nearest the sidewalk (southerly line of Main Street) was located a telephone booth from which the defendant received commissions, and a Rexall sign which was placed in the area with the permission of the defendant. The drug store door was located at the northeast corner of the drug store and was at right angles with Main Street and Maple Street. The defendant was in control of the asphalt covered area between the building and the southerly line of Main Street. The area was a well lighted area, and in addition to the ice patch, that the area was wet.

I find that the written notice was given to the defendant, and compliance with the applicable statute. Kenneth Wood who shared in the management of the defendant corporation with his twin brother Kendall, sanded the area on the morning of January 22. He stated he did so because of snow in the area. He had shovelled snow from the area on the previous day. There was snow and ice near the post office which also faces the southerly line of Main Street, and which adjoins the drug store property. Four photographs of the area were presented in evidence by the plaintiffs and one by the defendant. I find it had not snowed the day of the accident. The ice was the result of a previous

day storm. The day of the accident was a warm day.

I find that: The plaintiff, Edith M. Piercey, saw ice for the first time after she fell. She was looking towards the store when she went into the store as a customer, and she travelled to the right of the telephone booth on her return trip. She was wearing hard sole, leather flat heel shoes. When she slipped on the ice, her feet went from under her and she landed on her buttocks and could not arise because of pain in her lower back and left leg. Mr. Wood came to help her and he slipped trying to help her. She was assisted off the ground and taken home. A prescription from a doctor was filled that night at the drug store and it relieved her of pain. She suffered from pain in the area of her back from the date of the accident until an operation on her spine by Dr. Robert L. Moore, Jr. who found a ruptured disc and removed it and also a spinal fusion was carried out. The hospital records of the Worcester Hahnemann Hospital and St. Vincent Hospital were placed in evidence. The operation performed by Dr. Moore was for an injury which Mrs. Piercey received on January 22, 1965 and it was an adequate cause of the ruptured disc in the lower back.

I find that: The plaintiff sustained the burden of medical proof in this respect, and her injury received as the result of her fall on January 22, 1965 was not related to her previous injuries.

The previous injury to the spine for which she was treated at St. Vincent Hospital on January 2, 1962 which caused the doctor to perform a laminectomy and ruptured disc was removed at level L5 is not the same as one performed in 1965 which was at a level L4. When Dr. Moore operated on plaintiff on May 3, 1965, he saw a ruptured disc which was impinging on a nerve which was swollen and this was the cause of pain and discomfort which Mrs. Piercey was suffering. She was in reasonably good health immediately after the accident and for about one year prior thereto.

On all the evidence, I find the ice on the sloping area in front of the drug store created a dangerous condition to one entering or leaving the store; that it resulted from a storm of the previous day and that it had remained there a sufficient length of time for the defendant to have known of it and in the exercise of reasonable care to have removed it; that this condition existed from about 7:00 A.M. to the time of the accident at about 5:00 P.M. on the day of the accident; that the plaintiff, Edith Piercey, was an invitee and was in the exercise of due care; that the defendant was negligent and its negligence was the proximate cause of the injury for which she was treated by Dr. Moore. I find for the plaintiff on Count 1 and assess damages in the sum of Four Thousand ($4,-000.00) Dollars. I find for the defendant on Count 2. With reference to disposition of de-

fendant's requests for rulings, I rule as follows: Requests #1 and #3—Denied (See findings of fact). Request #2—Allowed."

There was no error in the denial of the defendant's requests for rulings of law.

The reported evidence warrants the finding that the plaintiff was on the premises of the defendant as a business invitee to whom the defendant would be liable for ordinary negligence. *Alberts* v. *Brockelman Brothers, Inc.*, 312 Mass. 486, 490; *Fortier* v. *Hibernian Building Association of Boston Highlands*, 315 Mass. 446, 447.

An invitation to a customer carries with it the implication that the premises are in a reasonably safe condition for her to enter upon same, *Frost* v. *McCarthy*, 200 Mass. 445, 447-448, and the fact that she did not see or know of the patch of ice is conclusive that the plaintiff was not guilty of contributory negligence. *Mello* v. *Peabody*, 305 Mass. 373; *Watts* v. *Rhodes*, 325 Mass. 697.

As an invitee, the defendant owed her a duty —breach of which would constitute negligence— to use reasonable care to keep its premises in a reasonably safe condition for her use according to the invitation, or at least to warn her against any danger attendant upon this use which was not known to her or obvious to any ordinarily intelligent person and either was known or in the exercise of reasonable care ought to have been known to the defendant.

*Lanagan* v. *Jordan Marsh Co.,* 324 Mass. 540; *Kelley* v. *Goldberg,* 288 Mass. 79; *Crone* v. *Jordan Marsh Co.,* 269 Mass. 289, 291; *Fielding* v. *S. Z. Poli Realty Co.,* 274 Mass. 20, 22.

In the case at bar, the trial judge made certain findings which are conclusive if there was any evidence to support them. *Piekos* v. *Bachand,* 333 Mass. 211; *Scire* v. *Scire,* 348 Mass. 768. Here, the trial judge was warranted in finding that the ice patch in front of the drug store created a dangerous condition to one entering or leaving the store; that it resulted from a storm of the previous day; that it had remained there a sufficient length of time for the defendant in the exercise of reasonable care to have known of it and to have removed it; that the plaintiff was in the exercise of due care and that the defendant was negligent.

We find no prejudicial error in the finding for the plaintiff nor in the denial of the rulings of laws Nos. 1 and 3 requested by the defendant. Therefore, **the report is to be dismissed.**

RICHARD M. WALL

of Worcester for the plaintiffs

WILLIAM T. TALCOTT, JR.

of Worcester for the defendant