*Municipal Court of the
City of Boston*
No. T-29052
**MARK SCHROTH, ppa. et al**
**v.**
**MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY**

Argued: May 24, 1974 - Decided: Oct. 24, 1974

*Present:* Glynn, J. (Presiding), DeGuglielmo,
Doerfer, JJ.

Case tried to *Canavan, J.*

**Doerfer, J.** This is an action in tort to recover for personal injuries (and consequential damages arising therefrom) sustained by the minor plaintiff on December 18, 1970, while he was attempting to board at the rear door of the defendant's bus. Counts 1 and 2 sound in negligence; counts 3 and 4 allege wanton, wilful and reckless conduct. There was a finding for the defendant on counts 1 and 2. On counts 3 and 4, in which the plaintiff alleges

that although he was not a paying passenger at the time of the accident he was injured as he was attempting to board the bus and that the injuries were caused by the wanton, wilful and reckless conduct of the defendant, there was a finding for the plaintiff.

**The reported evidence is as follows:**

"The plaintiff at the time of the accident was 14 years old and in the ninth grade at the Shaw School, in Boston. He got out of school at 2:45 p.m., and it was his practice to go home by chartered bus which was owned by the defendant and operated by an agent who was acting within the scope of his authority; payment was made by pupil car check. The plaintiff, coming out of school, was some distance away from the bus when he saw it coming; and he, along with others, ran for the bus which was travelling on Centre Street in West Roxbury. When he got to the bus, which was stopped and which was where the school bus always stops, the front doors closed. He could see inside the bus and saw empty seats. He did not believe that anyone was standing inside the bus. The bus left, and the plaintiff ran after it for a distance of about two hundred to two hundred and fifty yards. There were other students also running after the bus. The bus stopped for a red light, and the plaintiff and another boy ran to the front door and knocked but got no reply; and the bus started to leave. The plaintiff and a friend jumped

onto the bus at the right rear door after the bus started. They put their hands in between the rubber ends of the two doors which came together at the right rear door and held onto a pole which was inside the bus. The doors were not opened. The plaintiff was standing on a platform about one inch wide on the outside of the bus. The plaintiff and his friend rode in this fashion about one block until the bus stopped again at which time they got off and ran to the front of the bus and tried to get on. The front door opened, and the driver got off and used profanity in speaking to the boys and refused to let them on the bus. The driver told the boys not to hang on to the rear door of the bus. The driver got back on the bus and closed the door. The traffic light turned green, and the bus started. The boys again got on at the right rear door of the bus and held on by putting their hands through the doors and holding onto the pole inside the bus. When the bus reached a speed of about ten miles per hour and after the bus had travelled about thirty feet, the rear doors opened and closed quickly, causing the plaintiff to fall off bus and to be run over by the right rear wheels of bus.

"There was evidence that when the bus stopped the last time prior to the accident the plaintiff and another boy stood at the right rear of the bus; and, after the bus started, they ran alongside the bus and jumped on at the rear door."

The defendant complains of the denial of his requests for rulings numbered 3 and 4 as follows:

"3. The evidence does not warrant a finding that the defendant breached a legal duty owed by it to the plaintiff.

"4. The evidence does not warrant a finding that the defendant was guilty of wilful, wanton or reckless conduct toward the plaintiff."

From these facts the justice was entitled to infer that the bus driver knew that the plaintiff was hanging onto the bus while it was in motion and that he opened and closed the rear door rapidly, either with the intention to harm, frighten or expel the plaintiff, or with a reckless disregard for whether or not the plaintiff would be harmed or pushed off the bus. Such conduct falls well within the established definition of wilful, wanton and reckless conduct. *Aiken* v. *Holyoke St. Rwy. Co.*, 184 Mass. 269; *Baines* v. *Collins*, 310 Mass. 523; See *Commonwealth* v. *Welansky*, 316 Mass. 383, 396-401.

Defendant argues that there was no evidence that at the time of the accident the bus driver knew that the plaintiff was hanging onto the bus at the rear door. But the evidence taken as a whole does support such an inference: the driver knew that the plaintiff had tried to board the bus unsuccessfully. The driver knew that the plaintiff had hung onto

the bus and expressed anger at the occasion. The operator had reason to believe that the plaintiff would try again to hang onto the bus and warned him not to do so. From the totality of the circumstances the judge was justified in inferring that the driver knew the plaintiff had once again held onto the bus at the rear door.

Furthermore, to support the conclusion that the driver acted in a wanton, wilful and reckless manner it is not necessary to establish that he actually knew that plaintiff was hanging on the bus. See *Baines* v. *Collins,* 310 Mass. 510, 527. It is enough that he suspected that the plaintiff was hanging on in a position of danger and he then took deliberate action, the natural consequence of which would be to injure or jeopardize the plaintiff. *Commonwealth* v. *Welansky,* 316 Mass. 383, 399.

On this point the defendant argues that there was no evidence to support an inference that the door opened and shut as a result of the intentional act of the driver. The trier of fact was entitled to infer from the fact that an agent of the defendant was operating the bus and from common knowledge about such conveyances that the bus and in particular the rear door was an instrumentality under the control of the defendant and that the rear door would not open and close rapidly without some action by the driver.

Although such action could have been mere negligence in some contexts, the facts of this case support the further inference that the action was deliberate: the driver was angry; he bore animosity toward the plaintiff; he was engaged in an arbitrary and unreasonable course of conduct towards this child by refusing to let him board his school bus; he had told plaintiff not to hang on the bus and was inclined to take action against him for persisting in his course of conduct.

For the foregoing reason there was no error. **Report dismissed.**

Plaintiffs' Attorney also cited: *McKeon* v. *NY, NH & H RR.*, where defendant was liable for its brakeman's pushing off a boy who was stealing a ride. *Leonard* v. *B & A RR.*, 170 Mass. 318 (Boy stealing ride was injured when brakeman uncoupled cars-no liability-no negligence). *Planz* v. *B & A RR.*, 157 Mass. 377 (Boy stealing a ride on a freight train jumped off after threat from brakeman-no recovery for injuries. Court says ''that, although he was a trespasser, defendant had no right recklessly and wantonly to inflict an injury upon him.'') *Sheehan* v. *Goriansky,* 317 Mass. 10, 14-16 (Boy was trespasser on running board of auto and defendant drove onto dirt road, increased speed, ran into a pole and killed boy. Def. liable).